## SLADICH v. UNITED STATES.

United States District Court
S. D. New York.
Aug. 30, 1951.

Jacob Rassner, New York City, for libelant.

Irving H. Saypol, U. S. Atty., New York City (Hanrahan & Brennan, New York City, of counsel), for respondent.

SUGARMAN, District Judge.

On July 11, 1943, libelant Sladich, while working as a longshoreman on the M. V. Aldebaron, owned by respondent United States of America and operated by respondent's general agent Wessel Duval & Co., was injured, when a bale of cargo fell upon him.

Three years and seven months after the accident, on February 10, 1947, the libelant filed a libel for damages for his said injury against the general agent Wessel Duval & Co. Exceptions to the original libel were filed by the general agent on April 15, 1947, pleading laches. After a hearing, Judge Knox entered an order on June 2,

462

1947, reserving until the trial, the defense of laches.

Libelant's suit against the general agent was, by stipulation, discontinued without prejudice on December 22, 1949, following the decision in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

Libelant, on June 20, 1951, filed his present libel against respondent United States of America. Respondent excepts thereto upon three grounds: 1) libelant has not complied with the conditions precedent set forth in the Suits in Admiralty Act as amended, 46 U.S.C.A. § 745, in that the original suit against the general agent was not timely commenced; 2) statute of limitations; 3) laches.

 Public Law 877—81st Cong. 2nd Sess. amending 46 U.S.C.A. § 745 was designed "to provide relief only in those cases where suits were dismissed, though timely brought, solely because brought against an improper party, and where the time for suits against the United States under existing law had expired." Senate Report No. 1782, June 7, 1950.

The enlargement of the two year statute of limitations in the Suits in Admiralty Act by an additional year from December 13, 1950 was to place on a par those litigants who, relying on Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 and Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, sued only the general agent, with those who, anticipating Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968 and Cosmopolitan Shipping Co. v. McAllister, supra, sued both the United States and the general agent.

Libelant could not have successfully sued the United States on February 10, 1947 because three years and seven months had passed since his accident. He chose to bring suit against the general agent, not to gain the supposed advantage of a jury trial [see Senate Report No. 1782, supra] but because, although the New York State statute would have barred an action at law against the general agent, N.Y.Civil Practice Act, § 49(6), he could in Admiralty maintain suit against the general agent, if the three year and seven month period did not constitute laches. For that reason, Judge Knox deferred the issue of laches for the trial.

Now, however, "laches" gives way to a specific time limitation of two years by statute. To uphold the libelant herein would be tantamount to reading P.L. 877 supra as enlarging the two year limitation imposed upon suits in Admiralty against the United States. No such Congressional purpose is evident. On the contrary, the statute manifestly intends that the libelant be permitted to sue the United States within a year from December 13, 1950 if he originally sued the general agent within the two years within which he might have sued the United States and failed to do so and was now out of court solely because he mistakenly sued the general agent within the two year period.

The respondent's second exception is sustained and the libel is dismissed. Settle order on notice.