**WESSEL, DUVAL & CO., Inc.,**
Libelant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court,
S. D. New York.

March 30, 1954.

Reargument Denied April 29, 1954.

See also D.C., 123 F.Supp. 318.

Stanly W. Schaefer, New York City, for libelant.

J. Edw. Lumbard, U. S. Atty., for the Southern Dist. of New York, New York City, for respondent.

NOONAN, District Judge.

This motion is brought in the form of exceptive allegations to a libel for an alleged breach of a time charter. In its exceptive allegations the respondent seeks dismissal of the libel for lack of jurisdiction.

This alleged lack of jurisdiction is premised upon a paragraph in the time charter party contract which reads as follows:

"Article 32 *Disputes*

"Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, shall reduce his decision to writing and mail, or otherwise furnish a copy thereof to the Contractor. Within 30 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary, and the decision of the Secretary or his duly authorized representative for the hearing of such appeals shall be final and conclusive; provided that, if no such appeal is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

■ It is thus apparent that the libelant must resort to its administrative remedies rather than bring an action in Admiralty in a Court.

It should be noted that the above paragraph is not novel to the charter here involved, but rather that it regularly is incorporated in government contracts. Consequently, its provisions have been the subject of decisions by the courts. In United States v. Callahan Walker Const. Co., 1942, 317 U.S. 56, 63 S.Ct. 113, 115, 87 L.Ed. 49, a case involving interpretation of a similar clause in a construction contract, the Court, unanimously reversing the decision of a lower court, held as to certain questions answered by the contracting officer in the matter, that, "If the contracting officer erroneously answered them * * *

[the disputes clause] of the contract provided the only avenue for relief."

Respondent points out that in United States v. Wunderlich, 1951, 342 U.S. 98, 72 S.Ct. 154, 156, 96 L.Ed. 113, an action involving another construction contract, the Court, referring to the clause as a "finality clause", and noting that the respondent was dissatisfied with the way the department head (Secretary of the Interior) had resolved certain disputes, held that, "Respondents were not compelled or coerced into making the contract. It was a voluntary undertaking on their part. As competent parties they have contracted for the settlement of disputes in an arbitral manner." Finding no fraud, the court felt compelled to rule that "the decision of the department head must stand as conclusive".

It must be noted at this time that in the Callahan Walker case, no appeal had been taken, and that the Wunderlich case involved a situation where the department head had made a decision; whereas in the instant case, the head of the department has had the appeal for four months without rendering a decision, and the mass of the case has not yet been decided by the contracting officer after more than a year. Seemingly there is no time limit within which the contracting officer must render his decision, and the head of the department decide any appeal. To be sure, the libelants have "contracted for the settlement of disputes in an arbitral manner", but that does not mean "in an arbitrary manner".

The case of United States v. Joseph A. Holpuch Co., 1946, 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192 cited by the respondent, was one where a contractor did not even attempt to abide by the procedure provided for in the disputes clause; United States v. Moorman, 1950, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256, was a case where the head of a department had ruled on the appeal in a similar matter; neither approaches the situation in the case here being considered.

In another case between these same parties, Judge Dimock ruled, United States v. Wessel, Duval & Co. Inc., D.C., 1953, 115 F.Supp. 678, that the Statute of Limitations is not tolled while the contracting officer is deliberating. The current action was commenced a few days before that statute would have precluded the libelant from ever bringing the action. Accordingly, if this action is dismissed at this time, and the contracting officer delays his decision indefinitely, the rights of• the libelant will be breached irrevocably. This would render the administrative remedy contemplated by the parties hopelessly inadequate. It has frequently been recognized that where the administrative remedy is inadequate, an injured party, otherwise barred, may sue in the courts for redress. Southeastern Oil Florida v. United States, 1953, 115 F.Supp. 198, see cases cited on page 201, 127 Ct.Cl. 480. Thus the adequacy of an administrative remedy has been found wanting where a delay in excess of two years took place. For lack of any more definite measure of what length delay would render such a remedy inadequate, this court is disposed to accept the two year measure as a rule of thumb.

This two year period has not elapsed as yet, so the administrative procedure should still be permitted to take its course. However, a dismissal at this time would preclude the libelant from seeking similar relief after the passage of the two years indicated.

Fortunately, a remedy exists to prevent what otherwise might be a miscarriage of justice. It may be that the administrative remedy will still prove adequate in its timeliness. If that is the case, the exceptive allegations should be sustained and the action dismissed, for this Court finds no evidence of waiver of the provision by the respondent. But in the event that the passage of two years does not produce a decision via administrative channels, then the libelant should be free to pursue its remedy in this court. Apgar Travel Agency v. International Air Transport Association, D.C.1952, 107 F.Supp. 706.

Accordingly, it is the decision of this court that this case remain on the docket of the District Court but that further proceedings in the action be stayed pending administrative determination of the matter, or the lapse of two years from the date such action was sought, whichever occurs sooner.

Settle order in accordance herewith.