**Thomas FINLEY, Libelant,**

v.

**UNITED STATES of America, Respondent.**

**UNITED STATES of America, Third-Party Libelant,**

v.

**TODD SHIPYARDS CORPORATION, Third-Party Respondent.**

Civ. A. 326-51.

United States District Court
D. New Jersey.

July 6, 1956.

---

See, also, 130 F.Supp. 788.

Francis M. McInerney, Brooklyn, N. Y., for libelant, Hanrahan & Brennan, New York City, of counsel.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., Kirlin, Campbell & Keating, New York City, proctors for respondent.

Paul P. Koch, New York City, proctor for impleaded respondent, Todd Shipyards Corp.

MODARELLI, District Judge.

The respondent, United States of America, moved at the close of the evidence to dismiss the libel in this case as time-barred. The libelant, Thomas Finley, seeks damages for alleged personal injuries sustained on May 19, 1947, while

employed as a welder by Todd Shipyards Corporation, third-party respondent. The libel was filed on April 16, 1951. Finley was working aboard the S.S. Neosho, a vessel then in drydock on the Hudson River at Hoboken, New Jersey, which vessel was owned by the United States. This suit was preceded by other litigation by the libelant based on the same accident involved herein.

1. By summons dated May 15, 1948, a suit was brought in the Supreme Court of New Jersey against the Standard Oil Company of New Jersey. The summons was served on May 18, 1948, on the defendant. The complaint was never filed with the Clerk of the Court.

2. By summons dated May 18, 1948, a suit was brought in the Supreme Court of New Jersey against Socony-Vacuum Oil Co., Inc. The summons was served on May 19, 1948 on the defendant. The complaint was never filed with the Clerk of the Court.

3. On or about November 30, 1949, Finley commenced a civil action in the New York Supreme Court against the Marine Transport Lines, Inc., the general agent employed by the Government to perform certain shoreside husbanding services in connection with the S.S. Neosho. Suit was based on negligence and unseaworthiness. That action was subsequently removed to the United States District Court for the Southern District of New York, which on the authority of Cosmopolitan Shipping Co., Inc. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, dismissed the complaint on October 30, 1950. As will be observed, this suit was instituted some two and one-half years after the happening of the accident.

4. On December 2, 1949, Finley filed a libel against the United States in this district. Judge Meaney summarily dismissed the case on the ground that the cause of action arose more than two years prior to the commencement of the action, so that the two-year limitation of the Suits in Admiralty Act, 46 U.S.C.A. § 745, applied.

5. The instant suit was instituted pursuant to an amendment to the Suits in Admiralty Act, supra, which provides:

"* * * That the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, * * * engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel."

The Government contends that the failure of the libelant to timely commence its original action growing out of this accident, which was instituted in the Supreme Court of New York State and which was dismissed solely because improperly brought against the wrong party, bars the instant suit. It relies upon those cases which hold that the statutes granting the right to sue the sovereign must be strictly construed in its favor,[1] and those holding that a libel not filed within the two-year limitation period of the Suits in Admiralty Act is jurisdictionally defective.[2]

While the United States' defense based on untimeliness was set forth in

1. United States v. Clyde-Mallory Lines, 5 Cir., 1942, 127 F.2d 569, affirmed Clyde-Mallory Line v. The Eglantine, 1943, 317 U.S. 395, 63 S.Ct. 294, 87 L.Ed. 355; Baltimore Mail S.S. Co. v. United States, 4 Cir., 1935, 76 F.2d 582, certiorari denied 1935, 296 U.S. 595, 56 S.Ct. 111, 80 L.Ed. 421; The S.S. Samovar, D.C.N.D. Cal.1947, 72 F.Supp. 574.

2. Abbattista v. United States, D.C.N.J. 1951, 95 F.Supp. 679; Paschal v. North Atlantic & Gulf S.S. Co., D.C.S.D.N.Y. 1950, 95 F.Supp. 293; Sloand v. United States, D.C.W.D.N.Y.1950, 93 F.Supp. 83; Kruhmin v. United States War Shipping Administration, D.C.E.D.Pa.1949, 81 F.Supp. 689, affirmed 3 Cir., 1949, 177 F.2d 906.

an amendment to its answer, the motion to dismiss the libel on that ground was not made until the conclusion of the trial. It contends that the New York State Supreme Court action against Marine Transport Lines, Inc., was not "timely" commenced within the meaning of 46 U.S.C.A. § 745, as amended, and that it was barred by the New York Statute of Limitations.[3] Finley's cause of action arose in New Jersey and the effect of the New York Statute is that the New Jersey Statute of Limitations[4] applies to this suit, which provides that an action at law for personal injuries must be commenced within two years after the cause of action arose. The United States also relies upon Sladich v. United States, D.C. S.D.N.Y.1951, 102 F.Supp. 461.

The specific dispositive issue on this motion is whether Finley's prior action against the general agent in the New York Supreme Court was "timely" commenced within the meaning of the applicable amendment.

 I agree with the reasoning and conclusion reached by Judge Sugarman in the Sladich case, supra, at page 462, wherein it was held that:

" * * * the statute [46 U.S. C.A. § 745, as amended] manifestly intends that the libelant be permitted to sue the United States * * if he originally sued the general agent *within the two years* within which he might have sued the United States and failed to do so and was now out of court solely because he mistakenly sued the general agent *within the two year period.*" (Emphasis supplied.)

Here, Finley's action against the general agent was commenced two and one-half years after the date of the alleged injuries. Since Finley did not sue the general agent within the two years within which he might have sued the United States, this libel against the United States must be dismissed on the ground that the sovereign, United States, has not consented to be sued under such circumstances. Moreover, this suit was brought allegedly pursuant to the authority of a Congressional Act granting a right to sue the United States only under certain circumstances. Statutes which waive the immunity of the United States from suit are strictly construed in favor of the United States. McMahon v. United States, 1951, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26, a Suits in Admiralty Act case. This the court must do.

 It seems to me that the two-year limitation not only pertains to the time within which to bring suit, it is part of the right itself. So the question here is not alone one of limitation but of the court's jurisdiction. If the prior suit in the New York Supreme Court was not brought within the prescribed time, then this court has no jurisdiction and the libel does not come within the terms of the extender, for it is clear that failure to comply with conditions laid down by the statute for suits against the United States may not be waived. It is equally clear that in an action for negligence against the United States the aggrieved party must comply with all of the provisions of the applicable statute. This the libelant did not do, and so the Government's motion to dismiss the libel must be granted.

Unfortunately for this libelant the two suits which were "timely commenced" in the New Jersey Supreme Court but never filed with the Clerk were not brought against any person

"engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel."

The foregoing opinion shall constitute findings of fact and conclusions of law, as required by Rule 52, 28 U.S.C.A.

An order may be submitted in conformity with the opinion herein expressed.

3. Section 13, New York Civil Practice Act.

4. N.J.S.A. 2A:14-2.