**RAYDIST NAVIGATION CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.
Civ. A. No. 480.**

United States District Court
E. D. Virginia, Norfolk Division.
Sept. 14, 1956.

Jones, Blechman, Woltz & Kelly, Franklin O. Blechman, Newport News, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for defendant.

HOFFMAN, District Judge.

Raydist Navigation Corporation has instituted this action by way of declaratory judgment under the provisions of 28 U.S.C.A. § 1346(a) (2), against the United States of America, seeking a declaration of its rights by reason of certain alleged facts, the pertinent statements being as hereinafter indicated.

In December, 1951, Raydist entered into a contract with the Government which was completed during 1952 and, on or about August 24, 1953, a final payment was made thereon. During June, 1955, the same plaintiff entered into an additional contract with the Government, bearing no relation to the initial contract, which later contract is now in process of performance by plaintiff, and upon which partial payments have and are now being made pursuant to the terms thereof.

Subsequent to the final payment on contract No. 1 which, as previously noted, was made in August, 1953, the Contracting Officer of the Air Force Missile Test Center at Patrick Air Force Base, Florida, addressed a letter under date of September 23, 1954, to Hastings Instrument Corporation, Hampton, Virginia (not the same corporation as the plaintiff herein, but having the same president in the person of Charles E. Hastings), which letter reads as follows:

"Re: Contract AF 08(606)–103

"Gentlemen:

"Examination of the records of subject contract by an authorized

Government agency has resulted in the disclosure, to this office, of certain alleged questionable matters. It has been reported that this examination disclosed that during the initial six-weeks period, Raydist Navigation Corporation rented certain equipment from its parent company, the Hastings Instrument Corp., for the sum of $3,000.00. Raydist billed the Government and was paid in full the amount of $5,000.00 for the initial period. The files do not show that full disclosures of the rental arrangement between the parent company and its wholly owned subsidiary was made known to the Contracting Officer during negotiation of the contract.

"During the period 15 July 1951 to 1 April 1952, Raydist continued to rent equipment from Hastings at $2,000 per month, while it was being reimbursed at the contract rate of $750.00 per week. Thus, during the life of the contract, the examination has disclosed an excessive rental of $4,821.34.

"It is further stated that the records of the Raydist Navigation Corporation did not disclose any unusual or substantial repair expenses.

"In addition to the foregoing, there has been transmitted to this office certain other information which appears to be the basis for the assertion of reasonable refunds to the Government. The matter was considered by personnel of this office and, thereafter, forwarded to higher headquarters for whatever advice deemed pertinent.

"As a result of such consideration and advice, you are hereby requested to make a voluntary return to the Government of the sum of $4,821.34.

> "Sincerely,
> "/s/ Thomas F. Larkin
> "THOMAS F. LARKIN
> "Contracting Officer"

Since the voluntary return as requested in the last paragraph of said letter was not forthcoming, the Government deducted the sum of $2,000 from one of the partial payment invoices submitted by plaintiff under the second contract. This deduction was made on or about December 19, 1955, and this action followed.

The United States has filed a motion to dismiss alleging:

(1) The Government has not consented to be sued.

(2) The declaratory judgment statute is not applicable and not maintainable.

(3) The action is merely to set aside a prior administrative determination by the Contracting Officer; it being the contention of the Government that the quoted letter herein is a determination of a dispute in accordance with the provisions of Article 16, from which no appeal was taken by the contractor within the period of 30 days as stated.

Obviously there is no merit to any of the contentions advanced by the defendant, and the motion to dismiss must be denied.

While it is undoubtedly true that the Declaratory Judgment Act, 28 U. S.C.A. §§ 2201, 2202, is not a consent of the United States to be sued, and merely grants an additional remedy in cases where jurisdiction already exists, it follows that where, as here, the United States has given its consent to be sued under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), and the unusual nature of the circumstances are such as to justify an initial determination of the rights of the parties, a proceeding by way of declaratory judgment is deemed appropriate. Pennsylvania R. R. Co. v. United States, D.C., 111 F.Supp. 80; Jentry v. United States, D.C., 73 F.Supp. 899; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Brownell v. Ketcham Wire & Mfg. Co., 9 Cir., 221 F. 2d 121; Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068. Such an action is peculiarly applicable to this case as plaintiff alleges that it is engaged in contracts with other agencies of the Government, that it intends to continue to bid on such con-

tracts, and that the reopening of closed contracts permitting alleged arbitrary and unlawful deductions would seriously jeopardize the security of all contracts made with the United States or any agency thereof.

■ Turning to defendant's argument that the Contracting Officer's letter of September 23, 1954, constituted a determination of a "dispute" under Article 16,[1] from which no appeal was taken by Raydist, the Government urges that this Court should overrule its prior decision in Old Dominion Stevedoring Corporation v. United States, D.C., 130 F.Supp. 662. Aside from the fact that the Contracting Officer addressed his letter to the wrong corporation, it is abundantly clear that this letter requesting a "voluntary return" of $4,821.34 is not a decision in writing of a "dispute" within the meaning of Article 16. The question here presented affords even more logical reasoning to rule against the Government than that as existed in the Old Dominion Stevedoring Corporation case. Indeed, it is extremely doubtful whether any administrative remedy existed at the time the Contracting Officer wrote his letter. Southeastern Oil Florida, Inc. v. United States, 115 F.Supp. 198, 127 Ct. Cl. 480. See also: Leeds & Northrop Co. v. United States, D.C., 101 F.Supp. 999; James Graham Mfg. Co. v. United States, D.C., 91 F.Supp. 715.

■ If the United States is correct in its contention, then the item of $4,-821.34 requested in the form of a voluntary return becomes final, and there is no reason for merely deducting $2,000 from a partial payment due plaintiff on a subsequent contract. The Court has had an opportunity to view several decisions of Contracting Officers which are positive determinations of disputes and which follow the letter of the "dispute" provision of the contract. Such determinations leave no room for doubt as to the intention of the Contracting Officers, but vague statements suggesting voluntary returns should be treated with care before accepting same as administrative determinations on contracts long since terminated by final payments. This is not to suggest that the plaintiff was not overpaid on its original contract, but the United States will have its day in court as to this phase of the case. While the office of a declaratory judgment is not to award damages, it is essentially immaterial at this stage of the proceeding to ascertain whether plaintiff, if successful in this action, should be entitled to a monetary judgment. The item of $2,000 deducted by defendant is not presently in dispute other than that defendant contends the deduction was lawful and proper.

Motion to dismiss denied.

---

1. Article 16 of the contract is as follows:
"16. Disputes. Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. Within 30 days from date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary, and the decision of the Secretary or his duly authorized representative for the hearing of such appeals shall be final and conclusive; provided that, if no such appeal is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."