STATES MARINE CORPORATION OF
DELAWARE, Libelant-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 36, Docket 25129.

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1960.

Decided Nov. 22, 1960.

Kirlin, Campbell & Keating, New York City (William E. Fuller, John F. Gerity, New York City, of counsel), for libelant-appellant.

George Cochran Doub, Asst. Atty. Gen., S. Hazard Gillespie, U. S. Atty., Southern Dist. of New York, New York City, Morton Hollander, Howard E. Shapiro, Attys., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

Libelant, a time charterer of the SS Alcoa Pegasus, carried government-owned cargo to Inchon, Korea, under a space-charter contract between it and the United States. From December 9 to December 13, 1954, this cargo was discharged at Inchon by a stevedore contractor retained by the Government for the purpose. Libelant sets forth in its libel that during the discharge 358 feet of the vessel's fitted sweat battens were destroyed by longshoremen and that thereby the libelant was damaged in the sum of $93.93. This sum libelant seeks to recover from the United States.

The space-charter contract entered into by the parties provided that the Govern-

ment would pay for any damage to the vessel or its equipment caused by the act or neglect of the Government or its agents or contractors during the loading or discharging of cargo if written notice specifying the damage shall have been given to the Government or its authorized representative before the vessel sails. Also incorporated in the contract was the standard "Disputes Clause"[1] that the Armed Services Procurement Regulations require in all government contracts entered into for the Armed Services. This clause provides that any unresolved "dispute concerning a question of fact arising under the contract" is to be decided by the Contracting Officer, from whose decision the contractor has the right of appeal to the Armed Services Board of Contract Appeals (ASBCA).

On December 13, 1954, five hours before the Alcoa Pegasus departed from Inchon with the tide, libelant tendered a written damage report to the U. S. Army Officer who had been overseeing the cargo discharge. This officer refused to receive the report and said he would send another government representative to the vessel to receive it. No other representative appeared prior to sailing, and libelant later mailed written damage reports.

More than sixteen months thereafter, on April 27, 1956, libelant filed its formal claim and, the question of whether a proper written notice had been timely given to the Government being disputed and unresolved, the Contracting Officer

on July 5, 1956 disallowed the claim on the ground that no notice had been rendered to any U. S. representative prior to departure from Inchon. Libelant then appealed; and, on July 30, 1957, the Armed Services Board of Contract Appeals found that, though a written notice was given to the army officer supervising the discharge of cargo, this notice was not a notice served on "the Government or its authorized representative."

Thereafter, on September 25, 1957, libelant filed its libel alleging the Government's breach of its contract—this breach being set forth as having occurred when the Government failed to pay the $93.93 after the Appeals Board decision of July 30, 1957. To this libel the United States filed exceptions on the ground that the court lacked jurisdiction over the subject matter and over the United States because the libelant had not instituted suit, as required by Section 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745, within two years from the time of the cargo discharge at Inchon, when the United States maintained the cause of action arose. The district court sustained the exceptions and dismissed the libel. Libelant appeals. It maintains that its libel was timely brought.

Libelant stated that it was required by contract to submit its claim to administrative adjudication and therefore its cause of action for breach of contract did not arise until it had fully performed its duties under the contract and had ex-

---

1. This Clause was Article 19 of the contract, and reads as follows:

"Article 19. *Disputes*

"(a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. Within 30 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary, and the decision of the Secretary or his duly authorized representative for the hearing of such appeals shall, unless de-

termined by a court of competent jurisdiction to have been fraudulent or capricious or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence, be final and conclusive; *provided* that, if no such appeal is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

hausted the administrative remedies the contract provided for. Furthermore, inasmuch as this submission to agency adjudication was contractually required, libelant stated it could not sue the Government for breach of the contract until the Government refused to pay after the final administrative determination.

Alternatively, accepting the proposition the Government advanced by its pleading and that the district court relied upon, that the cause of action arose in Inchon on December 13, 1954, appellant maintains that the two year time-bar was tolled during the fifteen of the thirty-three months that elapsed prior to the commencement of suit while libelant's claim was being considered first by the Contracting Officer and then by the ASBCA.

We do not agree with the libelant on either ground it advances, and we affirm the court below. We hold, with the district court, that the libel was not commenced until after more than two years had elapsed from the occurrence of the damage complained of, and hence that the Government was not subject to the jurisdiction of the district court. McMahon v. United States, 1951, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; Engel v. Davenport, 1926, 271 U.S. 33, 39, 46 S.Ct. 410, 70 L.Ed. 813; Sgambati v. United States, 2 Cir., 172 F.2d 297, 298, certiorari denied, 1949, 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed. 1743; Burch v. United States, D.C.E.D.Va.1958, 163 F. Supp. 476, 480; Finley v. United States, D.C.N.J.1956, 147 F.Supp. 184, 187; Pacific-Atlantic Steamship Co. v. United States, D.C.Del.1955, 127 F.Supp. 931, 933.

Appellant asserts in its libel that the refusal to pay the claim after it had been disallowed by the ASBCA constituted the cause of action upon which suit was brought. This position is not well taken. The cause of action arose when the sweat battens were damaged, and the disallowance of the claim for this damage did not create a cause of action distinct from the cause of action for the actual damage to the sweat battens. It is specious to maintain that a new cause of action was created by the administrative disallowance of the claim.

■ The two year time-bar of the Suits in Admiralty Act is unlike a time-bar period prescribed under an ordinary Statute of Limitations. Under an ordinary time-bar statute a claim is not extinguished after the statutory period has elapsed. It is only unenforceable. The time-bar of the Suits in Admiralty Act renders a claim against the United States not only unenforceable, but extinguishes the claim itself, for when the sovereign, immune from suit, consented to be sued it was made a condition of the right to sue that suits so authorized had to be brought within the time-bar period. McMahon v. United States, supra; Sgambati v. United States, supra.

It therefore follows that despite any maritime contractual agreements that parties may enter into with the United States such contractual agreements may not extend the time-bar period of two years prescribed by Section 5 of the Suits in Admiralty Act within which suit against the United States may be commenced. United States v. Wessel, Duval & Co., D.C.S.D.N.Y.1953, 115 F.Supp. 678. Accord, Atlantic Carriers, Inc. v. United States, D.C.S.D.N.Y.1955, 131 F. Supp. 1. Jurisdiction to hear a case brought at a later date than two years after the cause of action arose cannot be awarded to the court by agreement.

In a similar situation, and a much more appealing one, the Supreme Court has dealt with this very problem.

In McMahon v. United States, supra, [342 U.S. 25, 72 S.Ct. 18] the Supreme Court held that a Congressional declaration [2] which gave seamen the right to sue the United States for personal injuries if their claims were " * * * administratively disallowed in whole or in part * * *," did not extend the period of limitation beyond the two year time-bar period, for the period must be measured

---

2. The Clarifications Act of March 24, 1943, 50 U.S.C.A.Appendix, § 1291(a).

from the time of injury and not from the date of disallowance of the claim. Accord, MacInnes v. United States, 1 Cir., 1951, 189 F.2d 733; Gregory v. United States, 2 Cir., 1951, 187 F.2d 101; Atlantic Carriers, Inc. v. United States, supra; United States v. Wessel, Duval & Co., supra. And Thurston v. United States, 9 Cir., 1950, 179 F.2d 514, holding contra, was expressly disapproved at 342 U.S. 27, 72 S.Ct. 17. If a Congressional mandate to submit a personal injury claim to administrative review could not affect the time-bar, it is but common sense that the parties' contractual provision to submit a property damage claim to administrative review cannot affect the time-bar. Therefore, libelant's allegation that the cause of action did not arise until after the administrative process was exhausted is of no avail. United States v. Wessel, Duval & Co., supra; Atlantic Carriers, Inc. v. United States, supra. See Unexcelled Chemical Corp. v. United States, 1953, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821. The Court in McMahon observed that:

> "Since no time is fixed within which the seaman is obliged to present his claim, under petitioner's position he would have it in his power, by delaying its filing, to postpone indefinitely commencement of the running of the statute of limitations * * *" 342 U.S. 25, 27, 72 S.Ct. 17, 19.

This observation is of equal pertinence here. Inasmuch as no time limit is placed upon submission of a dispute to the Contracting Officer, appellant's argument herein is subject to the same criticism.

■ Also, there is no merit to libelant's position that the running of the time-bar was tolled during the period that its claim was being administratively considered. Williams v. United States, 4 Cir., 1955, 228 F.2d 129, certiorari denied, 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499, rehearing denied, 1956, 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71; Sgambati v. United States, 2 Cir., supra; Burch v. United States, supra; Atlantic Carriers, Inc. v. United States, supra. It must be constantly borne in mind that the two year limitation here is a restriction upon the jurisdiction of the district court. And for precisely the same reasons that the time-bar period may not be extended by an agreement to submit an issue to an administrative agency for its determination, it cannot be tolled and extended unilaterally by administrative act or administrative delay in acting.[3]

Moreover, appellant could have protected itself by instituting a "protective-libel." Wessel, Duval & Co. v. United States, D.C.S.D.N.Y.1954, 126 F.Supp. 79. See also United States v. Winegar, 10 Cir., 1958, 254 F.2d 693. If that had been done, not only would the libelant have preserved its cause of action, but the Government would have known a suit was pending and that if adjustment was not had under the "Disputes Clause" that suit would be brought forward.

Affirmed.

---

3. When a claim arose under the Clarification Act a 60 day period was prescribed by regulation within which the Administrator was required to act or the claim was to be presumed to be disallowed. In Kinman v. United States, D.C. N.D.Cal.1956, 139 F.Supp. 925, the district judge held the two year bar was tolled during this 60 day period. Compare Rodinciuc v. United States, 3 Cir., 175 F.2d 479, certiorari denied 1949, 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550 (dicta) to the contrary. Kinman misconstrues the jurisdictional rationale of McMahon by allowing an extension, however short, of the two year period.