LUCKENBACH STEAMSHIP COMPANY, Inc.

v.

UNITED STATES.

No. 240–59.

United States Court of Claims.
July 19, 1961.

---

J. Franklin Fort, Washington, D. C., for plaintiff. Kominers & Fort, Washington, D. C., were on the briefs.

Lawrence F. Ledebur, Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant. Leavenworth Colby, Washington, D. C., was on the briefs.

MADDEN, Judge.

This is an action, under 28 U.S.C. § 1494, for a determination by this court of the amount, if any, due from the plaintiff to the United States in connection with the chartering of a number of Government-owned vessels to the plaintiff

during the period from September 24, 1946 to April 23, 1951.[1]

The defendant has moved to dismiss the petition on the ground that this court lacks jurisdiction. The defendant says the court does not have jurisdiction because the petition states claims based upon a maritime contract, and such claims are exclusively cognizable in admiralty. The defendant also says this court is deprived of jurisdiction by 28 U.S.C. § 1500,[2] since the plaintiff's claims against the United States are already pending in another court. Because we are of the opinion that the plaintiff's claims are exclusively cognizable in admiralty, we do not consider the defendant's second contention.

The plaintiff chartered a number of vessels from the United States Maritime Commission between 1946 and 1951. The charter, entered into pursuant to the Merchant Ship Sales Act of 1946, 60 Stat. 41, 50 U.S.C.A.Appendix, §§ 1735–1746, contained provisions for the payment of basic charter hire, plus "additional charter hire" based upon the plaintiff's profits. The charter also provided for the submission to Maritime by the plaintiff of periodic accountings of the financial aspects of its operations. Payments of additional charter hire were to be made on a preliminary basis, and, depending on the final audit of operations under the charter, adjustments would be made.

The charter provided that additional charter hire would be computed according

1. 28 U.S.C. § 1494 provides:
"The Court of Claims shall have jurisdiction to determine the amount, if any, due the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States, * * * where:
"(1) claimant or the person he represents has applied to the proper department of the Government for settlement of the account;
"(2) three years have elapsed from the date of such application without settlement; and
"(3) no suit upon the same has been brought by the United States."

2. 28 U.S.C. § 1500 provides:
"The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

to a "sliding scale" at rates ranging from 50% to 90% of profits in excess of a 10% return on capital. The principal issue raised by the plaintiff is the legality, in the light of section 709 of the Merchant Marine Act, 1936, 46 U.S.C.A. § 1199, of the sliding-scale provision for additional charter hire. Section 709 said that all charters made pursuant to the Act should provide for payment, as additional charter hire, of one-half of that part of any year's net profit which is in excess of 10% of capital. The plaintiff refused to pay more than one-half of its excess, on the ground that the charter provision was inconsistent with section 709, which, says the plaintiff, limited the Government's power to contract for more than one-half.[3] The Government has not yet asserted any claim against the plaintiff for the amounts due under the sliding scale agreement, and the plaintiff here seeks a determination under 28 U.S.C. § 1494 that it is not indebted to the Government for these amounts. The plaintiff also asks the court to determine that the Government is indebted to it for alleged overpayments of charter hire made as a result of the plaintiff's having been required by Maritime to divide one of its calendar years into two parts for purposes of computing additional charter hire and as a result of Maritime's refusal to allow profits to be carried forward to offset losses sustained in subsequent years. With respect to these two claims, involving Maritime's allegedly improper accounting methods, the plaintiff filed a suit in this court on February 20, 1956. The petition, Ct.Cl. No. 76–56, was dismissed on December 20, 1957 for lack of jurisdiction. The plaintiff then sued on these two claims in the United States District Court for the Southern District of New York. For the latest action, and the history of the litigation, in that case, see American-Foreign S. Corp. v. United States, 2 Cir., 291 F.2d 598.

The defendant says that the plaintiff's petition must be dismissed because it is a request for a determination of the rights of the parties under a maritime contract, and therefore exclusively cognizable in admiralty.[4]

The United States Supreme Court, in Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, at page 327, 50 S.Ct. 118, at page 120, 74 L.Ed. 451, has said that "the remedies given by the [Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752] are exclusive in all cases where a libel might be filed under it." See also Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336. This court, in Smith-Johnson Steamship Corp. v. United States, 142 F.Supp. 367, 135 Ct.Cl. 866, certiorari denied 352 U.S. 895, 77 S.Ct. 127, 1 L.Ed.2d 85, said, at 142 F.Supp. 368, 135 Ct.Cl. 867:

"Since it is now settled that such causes of action are maritime causes of action and that, consequently, courts of admiralty have jurisdiction of them, *this court does not have jurisdiction*, because it is settled that the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., vesting jurisdiction in the district courts, 'furnishes the exclusive remedy in admiralty against the United States and such corporations on maritime causes of action arising out of the possession and operation of merchant vessels.' Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S.

---

3. This court considered, and agreed with, such a contention in American Export Lines, Inc. v. United States, Ct.Cl., 290 F.2d 925. The issue arose on the Government's counterclaim. The plaintiff had sued to recover operating-differential monies which had been withheld by the Government.

4. The plaintiff has characterized the defendant's position as maintaining that this court's jurisdiction under 28 U.S.C. § 1494 is contingent upon the absence of other relief. As we understand the defendant's position, it maintains only that this court's jurisdiction under section 1494, as under any other provision of law, is contingent upon the absence of available relief *in admiralty*.

320, 50 S.Ct. 118, 120, 74 L.Ed. 451."
[Emphasis supplied.]

See also Skibsaktieselskapet Siljestad v. United States, Ct.Cl.1960, 180 F.Supp. 957, 958.

The plaintiff argues that the Suits in Admiralty Act contains no provision whereby a libelant can sue to compel the Government to assert a claim, as it can under section 1494. Therefore, says the plaintiff, this section 1494 action does not belong in admiralty. We think, however, that the substance of the plaintiff's action is a maritime claim. The plaintiff is seeking a judicial determination of the legality of a provision in a charter for the hire of ships. When such a determination is sought by a party which has made the payments required by the charter, in the form of a suit to recover the payments, such a suit must be dismissed by this court for lack of jurisdiction. See Blidberg Rothchild v. United States, dismissed on February 13, 1957, 137 Ct.Cl. 926, and Smith-Johnson Steamship Co. v. United States, supra. We do not think that the form of this action can prevail over its substance.

In addition, although the specific relief which the plaintiff here seeks under section 1494 is not available in admiralty, the substance of the relief is available there, in the form of an action for a declaratory judgment, under the Declaratory Judgment Act, 28 U.S.C. § 2201. The plaintiff attempts to escape this conclusion by asserting that declaratory judgments are not available in admiralty.[5] Other courts which have considered the question have said, however,

---

5. The plaintiff also appears to question the availability, under any circumstances, of declaratory relief against the United States, citing Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 687, 69 S.Ct. 1457, 93 L.Ed. 1628. The Larson case involved a suit for injunctive or declaratory relief against the War Assets Administrator, prohibiting him from delivering certain surplus coal to anyone other than the plaintiff. The Supreme Court held that although the complaint was directed against the Administrator, the relief sought was in effect relief against the sovereign and that the sovereign had not consented to be sued for specific relief. The Court said, 337 U.S. at page 704, 69 S.Ct. at page 1468, "* * * in the absence of a claim of constitutional limitation, the necessity of permitting the Government to carry out its functions unhampered by direct judicial intervention outweighs the possible disadvantage to the citizen in being relegated to the recovery of money damages after the event."

In 1953, Chief Judge Forman decided the case of Pennsylvania R. Co. v. United States, D.C.D.N.J., 111 F.Supp. 80. He pointed out that the cases which questioned the jurisdiction of the federal courts to grant declaratory relief against the United States had involved "situations where the district court lacked jurisdiction regardless of the Declaratory Judgment Act." 111 F.Supp. at page 86. The Pennsylvania R. Co. case, on the

hand, was characterized by Judge Forman as a case in which the declaratory judgment was sought merely as a procedural step in obtaining relief to which the United States had consented. The case concerned a complicated situation involving the Tort Claims Act, 28 U.S.C. § 2671 et seq., and the plaintiff sought a declaratory judgment to determine the various rights of the many parties. Judge Forman held that the declaratory judgment was available against the United States as "a procedural device used by a party seeking a remedy clearly within the scope of the government's waiver of its sovereign immunity." 111 F.Supp. at page 86. See also Raydist Navigation Corp. v. United States, D.C. E.D.Va.1956, 144 F.Supp. 503, 505–506.

We think that in this case section 2 of the Suits in Admiralty Act, 46 U.S. C.A. § 742, establishes the remedy against the United States which may be obtained through the use of the declaratory judgment as a procedural device. See also American-Foreign S. Corp. v. United States, 2 Cir., 291 F.2d 598.

In addition, we note that in this case the Government's representative, the Department of Justice, has vigorously asserted that declaratory relief is available against the Government. While we recognize that executive officers do not have the power to waive sovereign immunity, which must be done by Congress, we think it significant that the Government takes this position.

that a declaratory judgment against the United States may be awarded under the Suits in Admiralty Act. American President Lines v. United States, D.C.D.Del. 1958, 162 F.Supp. 732, 739, affirmed 3 Cir., 1959, 265 F.2d 552; American-Foreign S. Corp. v. United States, 2 Cir., 291 F.2d 598, supra. We think that the expression of the Second Circuit's view in the recent American-Foreign case is of particular importance, since it represents the view of the jurisdiction which would, it appears, be confronted with the plaintiff's claim if it were asserted in admiralty. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is applicable in "any court of the United States," and no exception is made for the admiralty courts.[6] The plaintiff has cited no authority which persuades us that a declaratory judgment is not available in admiralty.[7]

Since the plaintiff's cause of action is maritime in nature, and it had an available remedy in admiralty, this court is without jurisdiction. Pursuant to 28 U.S.C. § 1506, which applies when "a case within the exclusive jurisdiction of the district courts is filed in the Court of Claims," this case is transferred [8] to the United States District Court for the Southern District of New York.[9]

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.

DURFEE, Judge, took no part in the consideration and decision of this case.

6. We also note that the amendments to the Rules of Practice in Admiralty and Maritime Cases, reported to Congress by the Supreme Court in April 1961, and which become effective in July 1961, contain a new Rule 59, which provides for declaratory judgments in admiralty. In proposing adoption of Rules 58 (providing for summary judgments) and 59, the Supreme Court's Advisory Committee on Admiralty Rules commented:

"To a limited extent summary judgment has been available in admiralty * * *. The same is true as to declaratory judgments, the use of which finds added support in the view that the statute (28 U.S.C. § 2201) is self-executing, so that the procedure is available without an implementing rule. See Leonard v. Liberty Mutual Ins. Co., 165 F.Supp. 154 (E.D.Pa.1958), rev'd on other grounds, 267 F.2d 421 (3d Cir.1959); Longview Tugboat Co., v. Jameson, 218 F.2d 547 (9th Cir.1955); Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., 108 F.Supp. 280 (E.D.Pa.1952), aff'd 203 F.2d 957 (3d Cir.1953). Miner v. Atlass, [363 U.S. 641, 80 S.Ct. 1300, 4 L. Ed.2d 1462], however, has cast doubt on the power of the district courts to provide for such matters by local rule; and since that decision even the view that the declaratory judgment statute is self-executing has been challenged. States Marine Lines v. United States, N.D.Cal., Adm. No. 28008, 1960 (unreported)."

7. The only case cited by the plaintiff which holds declaratory relief unavailable is the unreported case of States Marine Lines, Inc. v. United States, Admiralty No. 28008 in the District Court for the Northern District of California, Southern Division, dated July 20, 1960.

8. On June 26, 1961, the defendant filed a motion for leave to file a motion to transfer, accompanied by the proposed motion to transfer. The plaintiff has filed its opposition to these motions. We grant the motion for leave to file, and grant the motion to transfer.

9. Although in form this case is a suit under 28 U.S.C. § 1494, which applies only in this court, we assume that the plaintiff's petition may be amended in the District Court to properly invoke that court's jurisdiction. Were the transfer statute, 28 U.S.C. § 1506, not available, we would have dismissed the case.