**LUCKENBACH STEAMSHIP CO., Inc.,**
**Libelant,**

v.

**The UNITED STATES of America,**
**Respondent.**

United States District Court
S. D. New York.
July 13, 1962.

---

Robert M. Morgenthau, U. S. Atty., for respondent (Leavenworth Colby, Louis E. Greco, Lawrence F. Ledebur, Attys., Dept. of Justice, of counsel).

Burlingham, Underwood, Barron, Wright & White, New York City, Kominers & Fort, Washington, D. C., for libelant.

COOPER, District Judge.

This is a motion by respondent, United States of America, for summary judgment on the ground that the declaratory judgment of non-liability sought by libelant is barred by the two-year statute of limitations contained in Section 5 of the Suits in Admiralty Act (46 U.S.C.A. § 745).

The present action was instituted by the filing of a petition in the United States Court of Claims on June 1, 1959, seeking a determination that libelant is not indebted to the United States under U. S. Maritime Commission Charter Contract No. MCc–41908. Thereafter, the Court of Claims, in an opinion reported at 292 F.2d 913, stated that libelant, in seeking a judicial determination of the legality of a provision in a charter for the hire of ships, had stated a maritime

cause of action within the exclusive jurisdiction of the district courts sitting in admiralty. See, also, Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451 (1930); Pennsylvania R. R. Co. v. United States, 245 F.2d 321 (2nd Cir., 1957).

Pursuant to the provisions of 28 U.S.C.A. § 1506, therefore, the Court of Claims transferred libelant's action for a declaratory judgment in admiralty to this Court, stating (292 F.2d 913, at p. 917):

"Since the plaintiff's cause of action is maritime in nature and it *had* an available remedy in admiralty, [the Court of Claims] is without jurisdiction." [Emphasis added.]

Respondent, in this motion for summary judgment, asserts in essence that libelant's cause of action arose more than two years before the filing of its suit and is therefore time-barred under the two-year statute of limitations of the Suits in Admiralty Act (46 U.S.C.A. § 745).

The contract which is the subject matter of this litigation involved the chartering of a number of Government-owned vessels to the libelant during the period from September 24, 1946 to April 23, 1951. The charter was entered into pursuant to the Merchant Ship Sales Act of 1946, 50 U.S.C.A.Appendix, §§ 1735–1746, and contained provisions for the payment of basic charter hire, plus "additional charter hire" based upon the libelant's profits.

According to the terms of the contract, the additional charter hire was to be computed according to a "sliding scale," at rates ranging from 50%· to 90% of profits in excess of a 10% return on capital. The Government, in correspondence between the parties, contends that libelant is still indebted to the United States in the amount of $417,-302.13 for such unpaid additional charter hire under the sliding scale agreement. So far as the record discloses, however, up to the present time, the Government has neither brought suit for this amount

nor interposed such a counterclaim in this or any other litigation.[1]

In substance, libelant now seeks a declaratory judgment that it owes no further indebtedness to the Government for additional charter hire under the terms of the contract.

The charter contract involved in the case at bar was executed in 1947 and the last of the chartered vessels redelivered to the United States on April 23, 1951. After intervening correspondence, the Government completed its final audit and communicated the results to libelant on December 8, 1955. It is unnecessary for this Court to determine on which one of the above dates libelant's cause of action matured. Whether Luckenbach questions the legality of the provisions under which it chartered the Government's vessels, or whether it disputes the Government's interpretation of the charter terms, it is manifest that libelant's suit, instituted on June 1, 1959, was brought well over two years after the cause of action accrued. American-Foreign S.S. Corp. v. United States, 291 F.2d 598, 603–604, 608 (2nd Cir., 1961); American Eastern Corp. v. United States, 133 F.Supp. 11 (S.D.N.Y., 1955), aff'd 231 F.2d 664 (2nd Cir., 1956).

This action is brought against the United States, which waived its sovereign immunity under the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 742. That Section provides that:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in section 741 of this title. * * *"

However, this waiver of governmental immunity is limited by a sharp jurisdic-tional limitation on suits not timely brought under the Act. See States Marine Corp. of Del. v. United States, 283 F.2d 776, 778 (2nd Cir., 1960); Williams v. United States, 133 F.Supp. 317 (D.C. Va., 1954), aff'd 228 F.2d 129 (4th Cir. 1955), cert. denied 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1956), rehearing denied, 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed. 2d 71 (1956). The limitations section of the Suits in Admiralty Act, 46 U.S. C.A. § 745, provides in pertinent part as follows:

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises * * *."

It is libelant's position that the limitations provision of section 745 does not apply to a suit against the Government for a declaratory judgment and that such a suit can be maintained as long as there is an "actual controversy" existing at the time the action is brought. 28 U.S.C.A. § 2201. Libelant's position is contrary, however, to the view expressed in this circuit in American-Foreign Steamship Corp. v. United States, supra, where the court explicitly declared (at p. 604 of 291 F.2d):

"[c]harterers could have brought suit in the District Court for a declaratory judgment to determine the legality of the disputed clauses *within two years of signing the agreements*." [Emphasis added.]

The limitation provision of 46 U.S.C.A. § 745 clearly applies to this suit in admiralty against the United States, even though the specific relief which libelant seeks is a declaratory judgment.

Perhaps this leads to a harsh result since, while libelant now is precluded from prosecuting this action, the Government, free from a time-bar, may proceed at any time to seek judicial enforcement of its position. However, this Court's jurisdiction over the subject matter of

---

1. For prior proceedings, and a history of the litigation involving this libelant and this charter contract, see American-Foreign S.S. Corp. v. United States, 291 F.2d 598 (2nd Cir., 1961), cert. denied 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961).

the case at bar derives solely from the Suits in Admiralty Act, wherein the Federal Government waived sovereign immunity from suit for a limited period of two years. This Court must recognize and abide by that statutory policy. Plainly, commencement of an action within the statutory period is a "condition precedent" to the Court's jurisdiction in these matters. Paschal v. North Atlantic & Gulf S.S. Co., 95 F.Supp. 293 (S.D. N.Y., 1950): American-Foreign Steamship Corp. v. United States, 291 F.2d 598 (2nd Cir., 1961), cert. denied 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961); 46 U.S.C.A. § 745.

Moreover, so far as its alleged indebtedness is concerned, libelant remains free to assert its contentions, by way of defense, if and when the Government seeks judicial enforcement of the amounts claimed to be owing.

As the Court of Appeals for this Circuit stated in American-Foreign Steamship Corp. v. United States, id., at p. 603 of 291 F.2d:

"In the case of contract claims against the United States, Congress has decreed that, in admiralty actions, even mildly stale claims are not to be brought. This is apparent when the two year time-bar period of section 745 is compared with the six year limitation period applying generally to suits against the United States, 28 U.S.C. § 2401, or with general state limitation statutes applying to contract actions which invariably allow a much longer period to bring suit. * * * The time limitation imposed by the statute must be strictly construed to effectuate the Congressional policy so announced."

See, also, McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951).

Libelant's cause of action herein matured more than two years prior to the institution of this suit. Therefore the libel seeking declaratory relief against the United States under the Suits in Ad-miralty Act is barred by the applicable two-year statute of limitations.

Accordingly, respondent's motion for summary judgment is granted.

Settle order on notice.