**SIMMONS v. MARSHALL, Deputy Commissioner of Compensation, et al.**

No. 8593.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1938.

Graham K. Betts and Vanderveer & Bassett, all of Seattle, Wash., for appellant.

Harold A. Seering, of Seattle, Wash., for appellee Lake Washington Shipyards.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This case involves appellant-employee's rights under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The defendant Marshall, Commissioner under the act, refused certain additional compensation claimed by Simmons, whereupon Simmons brought suit in the District Court to set aside the order refusing his claim. The District Court sustained the findings and award of the Commissioner, and dismissed the bill.

The following facts are undisputed: On November 28, 1934, and for a week before that, plaintiff, a painter by trade, was in the employ of the Lake Washington Shipyards painting a ship. Both plaintiff and the employer were subject to the provisions of the act. On the date mentioned, just before closing time, plaintiff and another employee were raising into position a deck-covering called a grid weighing about 250 pounds. The weight was too much for plaintiff, and he suffered from overstrain. The nature of his injury is a matter of dispute in this case, but the employer never contended that he had not suffered an industrial accident and that it did not arise out of his employment within the meaning of the act.

On the recommendation of a physician whom plaintiff consulted on December 5, to the effect that he was suffering from a badly damaged heart, the employer, without contest, paid total disability benefits to plaintiff up to September 11, 1935. It then served notice on the plaintiff and the Commissioner that right to further payments was contested.

Upon the ensuing hearing, the Commissioner found that plaintiff's industrial accident was only a wrenching of the back and that he had completely recovered therefrom before September 11, 1935. He found that plaintiff had suffered and was still suffering from cardiac disability, but that the accident was in no way responsible for that.

The evidence supports the Commissioner's findings. For many years prior to the accident plaintiff had a case of mitral stenosis (valve narrowing) following upon rheumatic infection. In 1931 he was ex-amined for other purposes, but the doctor found the heart condition, and that the stenosis was well compensated for—that is, the heart was performing its necessary function adequately.

Both doctors—plaintiff's and defendant's—who examined plaintiff after the accident and before the trial, agree that he now has a common complication of mitral stenosis, to wit, auricular fibrillation (meaning that the heart muscle has weakened, its rhythm is seriously impaired, decompensation has set in—shortness of breath, rapid and irregular pulse, etc.) They agree that plaintiff is unable safely to perform any manual labor such as lifting, climbing, moving heavy objects; although one could do such work at the risk of life or health.

The strongest medical testimony is to the effect that while a single overstrain could start decompensation, it is very rare; that ordinarily it is a gradual development, very common in mitral valvular disease cases.

Plaintiff testifies that he performed heavy work with no heart symptoms prior to the accident. That upon lifting the plank he felt sudden chest pains and dizziness. When he got home his heart rate was rapid and irregular; he was troubled with shortness of breath even while resting, and inability to sleep.

If plaintiff's own testimony is disbelieved, he has not sustained his case. The Commissioner announced he was dissatisfied with plaintiff's credibility. Plaintiff testified that he had done no work since the accident, and later, confronted with the proof, admitted that he had. The findings of the Commissioner are final where there is any evidence warranting inferences supporting them. Crowell v. Benson, 285 U.S. 22, 46, 52 S.Ct. 285, 290, 76 L.Ed. 598.

It is contended that the employer, having voluntarily paid compensation for eight months, is precluded from contesting the claim to total and permanent disability by reason of section 14(d) of the act, 33 U.S.C.A. § 914(d): "If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury * * * a notice."

The employee contends that this section is a final limitation on the time given the employer to contest the employee's

claim, and that if the employer believes the erroneous statement of the employee as to the cause and nature of his injury and acts in that behalf, he is forever precluded from proving the employee's error and contesting his liability from the erroneously assigned cause of injury.

We do not so construe the statute. If the employee's erroneous statement of his injury can be controverted only within fourteen days, it is apparent that in a great number of cases the employer will be compelled to force the employee to the expense and burden and loss of time entailed by a contest. It is not denied that a great majority of cases are now settled by the voluntary method.

We believe that situations such as this case presents are provided for in section 14(h) of the act, 33 U.S.C.A. § 914(h), which states: "The deputy commissioner * * * shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties."

This section, in providing for a hearing when payments have been stopped, as in this case, contemplates a situation where the employer originally pays benefits without contest and later discovers that the information upon which he made the payments was erroneous. In this view of the case section 14(d) with its fourteen-day limitation has no application to a case where payments are originally made voluntarily and the right to further compensation is later controverted.

Error is also assigned to the action of the Commissioner in refusing a rehearing after he made the award in this case. The record does not set out the petition for rehearing or its grounds, but merely a notification by the Commissioner that an application for a rehearing had been denied. The appellant's brief advises us that the purpose for which rehearing was sought was to adduce evidence of a medical examination made on plaintiff about a week after the accident. The brief states that this undescribed evidence was not introduced at the hearing because plaintiff had forgotten it.

No abuse of discretion is shown. Hence it is unnecessary for us to determine whether the right to sue in the District Court to suspend or set aside, in whole or in part, the compensation award, section 21 of the act, 33 U.S.C.A. § 921, gives the court jurisdiction over a denial of a petition for a rehearing grounded in an offer of evidence known to the employee but forgotten by him at the hearing.

Affirmed.