Julius OLJENIK

v.

Stephen O'HEARNE, Deputy Commissioner, Fourth Compensation District

and

United States Lines

and

The Travelers Insurance Company.

No. 3509.

United States District Court
D. Maryland, Admiralty Division.
Nov. 10, 1955.

Herbert L. Grymes, Baltimore, Md., for libellant.

George Cochran Doub, U. S. Atty.; and James H. Langrall, Asst. U. S. Atty., Baltimore, Md. (Stuart Rothman, Solicitor of Labor, Ward E. Boote, Assistant Solicitor and Herbert P. Miller, U. S. Dept. of Labor, Washington, D. C., on brief), for the Deputy Commissioner.

Jesse Slingluff, Jr., Frank T. Gray, and Joseph H. Young, Baltimore, Md., for United States Lines and The Travelers Ins. Co.

THOMSEN, Chief Judge.

This proceeding under Title 33 U.S. C.A. § 921, to review a compensation order disallowing a claim, raises the question whether notice of injury was given to the employer within thirty days, and, if not, whether the employer and insurance carrier waived such failure.

## Facts

Oljenik, the claimant, was 67 years old in 1951, and worked irregularly for various stevedoring companies, earning an average of $17.89 per week. He had an advanced case of osteo-arthritis in his lumbar spine. He claims that on May 4, 1951, he was engaged in loading the SS Fenn Victory, which was afloat in the Patapsco River, and while helping a fellow worker turn over some drums of oil, he slipped on loose corn on the deck, and fell on his right hip. He mentioned the injury to Steve Mack, the union delegate, some time after it occurred, but neither he nor Mack reported it to the employer until August 6, 1951. The employer had him examined by a doctor the next day. He continued to work irregularly, as he had done before, until sometime in October, 1951; thereafter he worked only two days, November 19 and November 23, until the spring of 1952. He was paid compensation by the insurance carrier from October 26, 1951, to November 18, 1951, two and three-sevenths weeks. He filed a claim for compensation on April 18, 1952. The employer and insurance carrier promptly controverted the claim, denying the alleged injury, denying that the specified notice of injury was given to the employer, and denying the alleged disability.

A hearing was held before the deputy commissioner on September 24, 1952. Competent doctors disagreed as to what injury the claimant had probably received on May 4, 1951, and what relationship such injury may have had to his condition when the doctors examined him in 1952. The deputy commissioner rejected the claim "for the reason that the employer and carrier not having knowledge of the injury, and the claimant failing to show satisfactory reason such notice could not be given, the claim is barred by the claimant's failure to give notice within thirty days as required by the statute".

This proceeding was filed on November 8, 1952. On May 8, 1953, Judge Coleman referred the case back to the deputy commissioner "for the taking of additional testimony pertaining to notice or the lack thereof, given by the claimant to Mr. Reinhart, agent of the employer, within the required thirty day period". Such testimony was taken; the deputy commissioner found that notice was not given to Reinhart, and affirmed his previous order.

## Conclusions

The deputy commissioner's findings that the required notice was not given within thirty days, that the employer and insurance carrier had no knowledge of the injury, and that the claimant had failed to show any satisfactory reason why such notice could not have been given, are supported by substantial evidence in the record and should not be disturbed. Ennis v. O'-Hearne, 4 Cir., 223 F.2d 755; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

That brings us to the question whether the employer and insurance carrier waived such lack of notice by paying compensation for two and three-sevenths weeks in October–November, 1951, before controverting the right to compensation, and before the claimant filed any claim with the Deputy Commissioner.

Policies of various jurisdictions differ as to whether the employer and insurance carrier should be allowed to pay compensation to a claimant without waiting for an award, and without prejudice to their right to controvert the claim after their investigation has been completed.

The investigation of such a claim often requires that a considerable number of people be interviewed, and that doctors be given sufficient time to examine the claimant, to take x-rays or make other tests, and in some cases to follow the patient over a period of weeks. Some jurisdictions feel that the employer and the insurance carrier should be encouraged to make such voluntary payments without prejudice, so that the

employee and his family may receive the money promptly, when they need it most, and unnecessary contests, with resulting delay and expense to the employee, may be avoided. Other jurisdictions feel that voluntary payments without an award should not be made.

The former policy has been followed for many years by the deputy commissioner in this district, who has held that the voluntary payment of compensation before a claim is filed does not waive the right to controvert the claim.

The question was presented to the Ninth Circuit in Simmons v. Marshall, 94 F.2d 850. That court, speaking through Judge Denman, said:

"It is contended that the employer, having voluntarily paid compensation for eight months, is precluded from contesting the claim to total and permanent disability by reason of section 14(d) of the act, 33 U.S. C.A. § 914(d): 'If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury * * * a notice.'

"The employee contends that this section is a final limitation on the time given the employer to contest the employee's claim, and that if the employer believes the erroneous statement of the employee as to the cause and nature of his injury and acts in that behalf, he is forever precluded from proving the employee's error and contesting his liability from the erroneously assigned cause of injury.

"We do not so construe the statute. If the employee's erroneous statement of his injury can be controverted only within fourteen days, it is apparent that in a great number of cases the employer will be compelled to force the employee to the expense and burden and loss of time entailed by a contest. It is not denied that a great majority of cases are now settled by the voluntary method.

"We believe that situations such as this case presents are provided for in section 14(h) of the act, 33 U.S.C.A. § 914(h), which states: 'The deputy commissioner * * * shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties.'

"This section, in providing for a hearing when payments have been stopped, as in this case, contemplates a situation where the employer originally pays benefits without contest and later discovers that the information upon which he made the payments was erroneous. In this view of the case section 14 (d) with its fourteen-day limitation has no application to a case where payments are originally made voluntarily and the right to further compensation is later controverted." 94 F.2d at pages 851–852.

Should a different rule be applied in the case at bar because the defense is lack of notice, rather than that the claimant did not sustain an accidental injury, or that the injury did not arise out of and in the course of the employment, or that the disability was not caused by such injury? It is true that lack of notice is an unpopular defense with courts and with commissioners. Some statutes require the employer and insurer to show prejudice from lack of notice. There is no such requirement in the Federal Act; but there is some evidence of possible prejudice to the

employer and insurance carrier in this case, because if they had had the opportunity to have the claimant examined and x-rayed promptly after the accident, there might be clearer evidence of what the original injury was.

I conclude that the voluntary payment of compensation for two and three-sevenths weeks in this case did not waive the right of the employer and insurance carrier to controvert the claim because of lack of notice. There is no evidence of any prejudice to the claimant, such as the death or disappearance of an important witness, which would support a finding that the employer and insurer are estopped to raise the defense.

The decision of the deputy commissioner is affirmed.