Edward **JOHNSON**, Appellant,

v.

**SWORD LINE, Inc.**, a New York Corporation.

No. 12001.

United States Court of Appeals
Third Circuit.

Argued Nov. 15, 1956.

Decided Feb. 1, 1957.

Earnest Woodward, II, Woodward, Hobson & Fulton, Louisville, Ky., for petitioner.

Charles K. Rice, John Potts Barnes, Lee A. Jackson, Dickinson Thatcher, Rollin H. Transue, Robert Anderson and George F. Lynch, Washington, D. C., for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

Donald J. Farage, Philadelphia, Pa. (Benjamin Pomerantz, Philadelphia, Pa., on the brief), for appellant.

Harrison G. Kildare, Philadelphia, Pa. (Rawle & Henderson, Thomas F. Mount, Joseph W. Henderson, Philadelphia, Pa., on the brief), for defendant.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

Johnson, a longshoreman employed by Lone Star Stevedoring, Inc., was injured while working in the hold of a ship owned by Sword Line, Inc. An award was made to Johnson on July 12, 1951 against Lone Star and its insurance carrier. This award was subsequently amended by the Deputy Commissioner on November 23, 1951. Compensation was paid to Johnson in various amounts on different dates which do not appear fully in the record but the full amount due was received by Johnson. We will assume as, apparently, did the court below, that the compensa-

tion award was paid in full to Johnson on October 4, 1951 when he commenced the suit at bar against Sword alleging that its negligence had caused his injuries.

Sword denied liability and raised the statutory assignment of Johnson's cause of action to Lone Star and to its insurer as a bar to the suit. See Section 33(b) and (i) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 933(b) and (i).[1] Johnson admits that he has received the amount required by the compensation award to be paid to him and that no election to sue a third party was filed by him as required by Section 33(a) of the Act, 33 U.S.C.A. § 933(a).[2]

Sword filed a motion for summary judgment asserting that the statutory assignment and the acceptance of the compensation award barred Johnson's present action. The court below held that acceptance of compensation by Johnson operated as a statutory assignment by Johnson to Lone Star of any right that Johnson might have against Sword, relying on Section 33(b), 33 U.S.C.A. § 933(b). The court, however, denied Sword's motion for summary judgment but granted permission to Sword to renew it if, within thirty days, Johnson failed to amend his complaint to show that the right of action against Sword has been reassigned to him. Johnson was unsuccessful in obtaining a reassignment of the action from Lone Star and its insurance carrier, and therefore, could not amend his complaint. Sword renewed its motion for summary judgment, and the court below granted the motion, giving judgment for Sword.

1. Section 33(b) provides: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

Section 33(i) provides: "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall

be subrogated to all the rights of the employer under this section."

2. Section 33(a) provides: "If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person."

The language of the statute, if taken literally, would provide an absolute defense to the third party in a damage suit brought directly by the injured longshoreman where the latter has accepted compensation and has not obtained a reassignment of the cause of action from his employer or the employer's compensation insurance carrier. Sections 33(b) and 33(i). But in Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387, the Supreme Court rejected a literal interpretation of the Act.

In the case cited, Czaplicki, a longshoreman, accepted a compensation award paid to him by his employer's insurance carrier for injuries sustained by him when steps on the vessel on which he was working collapsed. The steps had been erected by an independent contractor. The independent contractor was insured by the same insurance carrier which had insured Czaplicki's employer. The employer's insurance carrier, the statutory assignee, did not bring suit. Mr. Justice Harlan said: "* * * Czaplicki's rights of action were held by the party most likely to suffer were the rights of action to be successfully enforced. In these circumstances, we cannot agree that Czaplicki is precluded by the assignment of his rights of action from enforcing those rights in an action brought by himself." Mr. Justice Harlan also said: "[A]ll we hold is that, given the conflict of interests and inaction by the assignee, the employee should not be relegated to any rights he may have against the assignee, but can maintain the third-party action himself." See Id., 351 U.S. at pages 530, 532, 76 S.Ct. at pages 949, 950.

■ It cannot, of course, be justly said that the assignee was already guilty of inaction when Johnson brought the suit at bar on October 4, 1951 for the Deputy-Commissioner on that day had not even made the final award. But over five years have elapsed since the autumn of 1951 and the assignee has brought no suit. This fact alone might be sufficient to support a finding of inaction by the court below. It does not appear, however, from the record in the case at bar that the employer's insurance carrier is the insurance carrier of the alleged tortfeasor as was the situation in Czaplicki. Johnson's employer's insurance carrier may or may not be the third party's insurance carrier, or there may be other reasons for Johnson's assignee's inaction. We do not presently go so far as to say that the failure of the assignee to bring suit against the third party would of itself constitute a basis for a finding of a conflict of interest. The circumstances which govern the failure of the assignee to bring suit must be the subject of thorough inquiry in the trial court and a reasonable latitude must be allowed to Johnson in the presentation of his case. The statutory assignee or its insurance carrier may not be permitted to stand pouting in a corner like a sulky milkmaid at a barn dance and simply refuse to bring suit without adequate reason. Such a position could be adverse to Johnson's interests. And on the basis of Section 33(e) of the Act Johnson has an interest in his right of action even after it has been assigned. See Czaplicki, 351 U.S. at page 531, 76 S.Ct. 946. Section 33(e) expressly apportions any recovery in a suit brought by the assignee against the alleged tortfeasor between the assignee and the employee, whose right of action it originally was, giving to the former an amount equal to the expenses incurred in enforcing the right, expenses of medical care for the employee, and any amounts paid and payable as compensation, and, to the latter any balance remaining.[3] The

---

3. Section 33(e) provides "Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner);

"(B) the cost of all benefits actually

Congressional intent that the statutory assignee shall bring suit unless there be good reason why it should not be instituted is obvious.

█ The court below erred in not giving Johnson the opportunity to show conflict of interest.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

furnished by him to the employee under section 907;

"(C) all amounts paid as compensation;

"(D) the present value of all amounts thereafter payable as compensation, such present value to be computed in accordance with a schedule prepared by the Secretary, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representatives; and

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative."