Matthew Joseph LEONARD
v.
LIBERTY MUTUAL INSURANCE COMPANY and Morris Boney, Inc.
Civ. A. 23243.

United States District Court
E. D. Pennsylvania.
Aug. 27, 1958.

Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

George D. Sheehan, John Paul Erwin, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This is an action brought under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, asking the Court to declare the rights, duties and obligations of the plaintiff and the defendants under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The plaintiff, Leonard, is a longshoreman who was employed by the defendant, Morris Boney, Inc., (Boney). Defendant, Liberty Mutual Insurance Company (Liberty) is the compensation carrier for the employer. On February 27, 1957, while working aboard the S.S. "La Fleche", plaintiff was injured when he fell through a bilge board which broke in half. Subsequent to the accident, the defendant insurance carrier, under its contract with Boney, initiated the payment of compensation benefits to the plaintiff.

On July 12, 1957 Liberty filed a "Notice to the Deputy Commissioner that Claim will be Controverted." (Form US-207). There it stated that the case would be controverted because:

> "Claimant has retained counsel to press a third party action. Carrier is filing U.S. 207 suspending compensation in accordance with Section 14(c) of the Act, which has been paid since 2/28/57. Carrier requests an election under Section 33 (a)." [1]

It also filed Form US–208 which is a "Notice to Deputy Commissioner that the Payment of Compensation has been Stopped or Suspended." The forms were returned to Liberty by the deputy commissioner on the grounds that they did not state a legal basis on which the claim could be controverted and that they were

1. Section 33(a), 33 U.S.C.A. § 933(a) reads as follows: "If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person."

**156**

not filed within the time prescribed by the Act, i. e. fourteen days. 33 U.S.C.A. § 914(d).

The deputy commissioner also advised Liberty that it was *expected* to continue compensation and medical payments in accordance with its obligations under the Act. The carrier failed to make such payments and a conference before the deputy commissioner ensued at which the parties stated their positions.

Liberty stated that it has a right to require Leonard to elect to sue the third party tortfeasor, S.S. "La Fleche," *or* take compensation benefits. The compensation payments were suspended and the claim controverted pending an election to sue or the granting of a formal award by the deputy commissioner.

Plaintiff maintained that the notice of controversion was improper and that he would not make an election to sue or take his benefits by way of an award. He maintains that the carrier has an obligation under the Act to pay compensation without a formal award, unless the *liability* to pay is controverted, and if so, it must be done within fourteen days.

■ It should be pointed out that the acceptance of compensation under a formal award made by the deputy commissioner assigns to the employer all the right that the employee had to recover damages against the third party, here S.S. "La Fleche." 33 U.S.C.A. § 933(b). And where the employer is insured, its insurance carrier becomes subrogated to this right. 33 U.S.C.A. § 933(i). Also, the employee's election to sue the third party tortfeasor suspends the compensation payments pending the outcome of the third party action, causing plaintiff to waive his right to receive *immediate* compensation benefits as provided for by the Act. 33 U.S.C.A. §§ 914(a), 933 (f).

It therefore becomes obvious why this action is before the Court. By attempting to force Leonard into an election, Liberty will either pay its compensation liability in return for the assignment of the cause of action—if Leonard takes a formal award—or if he elects to sue the third party, Liberty will cease its payments and then await the joinder of Boney as a third party defendant in the suit by Leonard against S.S. "La Fleche." See, Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. In Johnson v. Sword Line, Inc., 3 Cir., 1958, 257 F.2d 541, the Court of Appeals, Biggs, Ch. J., succinctly stated what can happen when a longshoreman sues the third party:

"Applying the doctrine of Ryan, if the cause of the longshoreman's injury is the stevedoring company's negligence, the shipowner would be entitled to maintain a separate action against the stevedoring company for indemnification, and this may be so in some instances even though the shipowner was also negligent. Since any recovery by the injured employee against the shipowner could be recouped in an action by the shipowner against the stevedoring company, the practical effect of the Ryan case is to cause the employer-stevedoring companies, who may anticipate a shipowner's claim to indemnity to resist the making of any payment to the injured stevedore until an award is made, at which time the assignment of the cause of action by reason of the provisions of the statute takes place. When the statutory assignment has taken place the employer-stevedoring company will then refuse to bring an action against the shipowner, and by the same token would also refuse to re-assign the cause of action to the injured stevedore, for to do so might result in an eventual high award by way of indemnification against the stevedoring company and hence against the insurance carrier."

By virtue of Czaplicki v. Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387, and the two Sword Line cases, 3 Cir., 1957, 240 F.2d 954, and 3 Cir., 1958, 257 F.2d 541, above, the resulting prejudice from the above situation has virtually been removed. It now

seems that whenever a conflict of interest exists, the longshoreman is adequately protected. See also, D'Amante v. Isthmian Lines, D.C.E.D.N.Y.1958, 159 F. Supp. 468. However, plaintiff is apparently concerned not with Liberty's future *inaction* if the statutory assignment takes place, but rather with Liberty's power to compromise the third party action, with or without the formal institution of suit. This could be done whether or not a conflict of interests is present. 33 U.S.C.A. § 933(d) and (e). For this reason, further interpretation of the Act is important. The question before the Court, therefore, is narrowed to whether or not Liberty as carrier for Boney wrongfully filed the controversion notice, thus placing Leonard in the dilemma in which he must make an election to sue or accept a formal award.

Defendants move for a dismissal of this action on the grounds that the Court is without jurisdiction to determine this controversy; that the proper authority is the deputy commissioner in that he can make an award which will force Liberty to continue the compensation payments. The motion must be denied.

■ While normally the doctrine of exhaustion of administrative remedy applies in this situation, we feel that the administrative remedy here is inadequate to protect the plaintiff's rights. To pursue it would require the *forfeiture or waiver* of the very right which is the subject matter of this litigation as it is apparent that even in view of § 14(h), 33 U.S.C.A. § 914(h)[2], the only power

that the deputy commissioner has in such a situation is to suggest that payments continue (which was done) or grant a formal compensation award.[3]

The granting of the award would accomplish exactly what Liberty seeks to do in filing its notice of controversion, i. e. force plaintiff to pursue only *one* of his rights. For this reason, the motion to dismiss is denied. We will maintain jurisdiction.

■ We have also examined whether or not the jurisdictional amount of $3,-000.00 or more is necessary to sustain the jurisdiction of this Court. Since the instant case primarily comes under the admiralty or maritime law, it is our conclusion that jurisdiction is derived through Article III, § 2 of the Federal Constitution and 28 U.S.C.A. § 1333(1). The Court having exclusive admiralty jurisdiction, no specific amount in controversy is necessary. See, 6 Moore, Federal Practice, par. 57.23, p. 3136; cf. Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086; Swanson v. Marra Bros., 1945, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045.

Countering defendants' motion to dismiss, plaintiff has moved for summary judgment. His motion will be granted.

Section 14(a), 33 U.S.C.A. § 914(a) provides:

"Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, *without an award*, except where *liability* to pay compensation

2. "The deputy commissioner (1) may upon his own initiative at any time in a case in which payments are being made without an award, and (2) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the

rights of all parties." 33 U.S.C.A. § 914 (h).

3. On page 28 of the September 10, 1957 hearing before Deputy Commisisoner Donovan, he stated: "* * * we cannot require or compel the insurance carrier to continue the voluntary payments of compensation. * * * Inasmuch as the claimant will not or does not desire to file a claim for compensation, I feel that I certainly cannot file an award of compensation without having his claim. * * * there is no further action that I see I can take in this particular case until Mr. Leonard informs us what he intends to do."

is controverted by the employer." (Emphasis supplied.)

Plaintiff urges that he is entitled to receive compensation payments without a formal award. 33 U.S.C.A. § 914(a). He states that Liberty's actions directed at forcing him to take an award or elect to sue the third party were improper because (a) the grounds on which the controversion is based were improper; (b) the Act was not intended to force an employee to give up his right to immediate compensation with the attendant result of perhaps prejudicing his right against the third party tortfeasor, and (c) the time period for controverting the claim had passed.

■ It should be remembered that an election to sue a third party waives, at least temporarily, the longshoreman's right to receive compensation benefits. His acceptance of a formal award assigns whatever cause of action he has against the third party to his employer or its insurance carrier. 33 U.S.C.A. § 933(b) and (i).

As to whether or not the claim was controverted on proper grounds, defendant has urged the Supreme Court's statement in American Stevedores v. Porello, 1947, 330 U.S. 446, 67 S.Ct. 847, 852, 91 L.Ed. 1011, as controlling. There, in deciding, inter alia, that a longshoreman does not lose his third party action by accepting voluntary compensation benefits, the Court also offered the following gratuitous suggestion:

"American [the longshoreman's employer], in the unusual circumstances of this case, could have protected itself by controverting the employee's right to receive compensation [referring by footnote to 33 U.S.C.A. § 914(d) and (h)]. In this way it could probably have forced an award and the consequent assignment of the right of action to itself."

While the remarks of the Supreme Court could perhaps be considered dicta, they are entitled to great weight, especially in view of the number of opportunities that the Court has had to interpret the Act in question. International Ry. Co. v. Davidson, D.C.W.D.N.Y. 1945, 65 F.Supp. 58. That particular statement appears to be the lone authority directly on point,[4] and while we feel that we are not necessarily bound thereby and do not necessarily agree, we nevertheless feel constrained to follow it. This conclusion would also dispose of point (b), supra, raised by the plaintiff.

■ However, as far as point (c) is concerned, we are of the opinion that the notice to controvert was untimely. Section 14(d), 33 U.S.C.A. § 914(d) states:

"If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the *fourteenth day* after he has knowledge of the alleged injury or death, a notice, * * * stating that the right to compensation is controverted * * *." (Emphasis supplied.)

■ Admittedly, the controversion in question was filed subsequent to the fourteen day period. Defendant argues that the controversion notice was timely under the language of section 14(c), 33 U.S. C.A. § 914(c) of the Act which reads:

" * * * upon suspension of payment for any cause, the employer shall immediately notify the deputy commissioner * * * that payment of compensation * * * has been suspended * * *."

Defendant argues that under this provision of the Act, it was not limited by the fourteen day period but rather only to the nebulous standard of immediate notification. Obviously, this cannot be so in the *controversion* procedure, for to hold so would render section 14(d) meaningless. It is our opinion that payments may be suspended for various reasons, such as the longshoreman's ability to return to work. However, where the carrier *controverts* a claim, it must follow the procedures relating to time under

---

4. But see, footnote No. 2 in Czaplicki v. Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387.

section 14(d). This Court wishes to point out that the Supreme Court in American Stevedores v. Porello, supra, in recognizing the right to controvert a claim on the grounds in question, referred only to sections 14(d) and (h)[5], as authority the inference being that section 14(c) would not deal with controversion notices. For these reasons, we conclude that the notice of controversion in the instant case was untimely and therefore improperly filed.

The Court finds difficulty in applying the remedy sought. However, in view of the limited powers that are available to the deputy commissioner in this situation, we hereby declare that the controversion notice filed by the defendants was untimely and that it is null and void. We also direct the defendant, Liberty Mutual Insurance Company, to pay the plaintiff, to the extent of its liability, the compensation benefits due him until such time, as is determined by the deputy commissioner, that the said payments should cease.

Counsel will submit an appropriate order.

5.   At 330 U.S. 455, footnote 20, 67 S.Ct. 852, 91 L.Ed. 1011.