Matthew Joseph **LEONARD**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Morris Boney, Inc.,**
Appellants.

No. 12776.

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1959.

Decided April 28, 1959.

Rehearing Denied June 30, 1959.

Biggs, Chief Judge, dissented in part.

George D. Sheehan, Philadelphia, Pa., for appellant.

Joseph Weiner, Philadelphia, Pa. (Abraham E. Freedman, Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This case raises the question whether the employee of a stevedoring company may have the benefit of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1952) as amended 28 U.S.C. § 2201 (Supp. V 1958), to determine his rights under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950 (1957). The district court said he could, D.C.E.D.Pa.1958, 165 F. Supp. 154, and the employer and his insurance carrier appeal.

Plaintiff was a longshoreman employed by Morris Boney, Inc., a stevedoring company which was insured by Liberty Mutual Insurance Company. The plaintiff suffered an injury while engaged in unloading a ship. He was standing on a bilge board in the hold of the vessel "La-Fleche" then in navigable waters in the Port of Philadelphia. The bilge board broke in half and the plaintiff suffered injuries. The insurance carrier paid him compensation and medical expenses for a time (from February 27, 1957 to July 15, 1957).

On July 12, 1957, Liberty filed notices with the deputy commissioner under Section 14(c) of the Act, 33 U.S.C.A. § 914(c) (1957), that payment of compensation had been stopped and that the claim would be controverted.[1] Compensation payments thereupon ceased.[2] Later, September 10, 1957, there was a hearing before the local deputy commissioner. He offered to make an award in favor of the plaintiff but the offer was refused by plaintiff.

Our case turns primarily on paragraphs (a) and (b) of Section 933 of the Act. Those paragraphs read as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice * * * to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person." 33 U.S. C.A. § 933 (1957).

The plaintiff's position is that he is entitled to compensation without an award because the Act says so. But he does not want to accept an award to compel its payment because of the provision, quoted above, that such acceptance operates as an assignment of his claim to recover damages against a third person which, in this case, is obviously the shipowner. So he seeks the benefit of

---

1. The reason stated for the controversion was as follows:
   "Claimant has retained counsel to press a third party action. Carrier is filing U.S. 207 suspending compensation, in accordance with Section 14(c) of the Act, which has been paid since 2/28/57. Carrier requests an election under Section 33A [33(a)] and reserves the right to controvert for such other reasons as may later appear."

2. The insurance carrier did continue to make payments for medical treatments.

declaratory judgment procedure to establish his right to compensation, at the same time preserving his claim against the third party.[3]

■■ The argument for the plaintiff bears heavily on the proposition that the statute is to accomplish a socially desirable result and it should be liberally interpreted. We agree that it should and we think that it has been so interpreted. While from the wording it could be thought that the employee's only alternative is to take compensation or to take his chance in a lawsuit against a third party, the Supreme Court decision in Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 and the two decisions in this Court in Johnson v. Sword Line, Inc., 3 Cir., 1957, 240 F.2d 954 and 3 Cir., 1958, 257 F.2d 541, have gone a long way to assure that the claim against the shipowner will not be left to languish. In the Czaplicki case the employee, after taking an award, was permitted to sue the third party in his own name, since there was danger that if he could not his rights might never be enforced by his employer to whom the claim had been assigned by operation of law. We followed the same line of reasoning on a somewhat different set of facts in the two Sword Line cases.[4] This Court has recognized that the assignment provided for in Section 933(b) is not something from which the employer or his insurance carrier is to profit. The assignee's interest is limited to reimbursement for the compensation paid and medical expenses incurred on behalf of the injured employee. The employee's right to sue after taking an award, granted in the cases cited above, helps protect his interest in a complete recovery. Thus the courts are treating the Act in just the manner plaintiff says they should, i.e.,

to give the employee the benefit of legislation intended for him.

■ But this argument is a long way from pointing to the conclusion sought by the plaintiff here. An examination of the statute as a whole shows clearly an intention to set up a compensation procedure, handled administratively, which will insure informality in hearing and promptness in decision. The whole matter is left in Section 939 to be administered under the general direction of the Secretary of Labor. 33 U.S.C.A. § 939 (1957). There are provisions for regional hearings before deputy commissioners and a procedure is provided, less formal than a court proceeding in nature, to handle claims promptly. 33 U.S.C.A. § 919 (1957). It is to be noted that the Act makes provision for payment of an additional sum above the stated rate of compensation, in case of an installment due without an award, where the payment is withheld. 33 U.S.C.A. § 914(e) (1957). The lawmakers quite evidently gave the injured man's rights thoughtful protection.

■ We are not helped by reference to such decisions as Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, in which the Supreme Court was working out the scope of admiralty jurisdiction. Of course, United States District Courts have admiralty jurisdiction; no one doubts that they do. But the plan of the statute here is to create an administrative procedure for prompt action and have it subject to court review as provided in Section 921. 33 U.S.C.A. § 921 (1957). We do not think the general provisions of the Declaratory Judgment Act can be interpreted to circumvent this procedure.

■ What the plaintiff asked for in his petition was relief very much like

---

3. Note the time limitation of one year for filing a claim for compensation. 33 U.S.C.A. § 913 (1957).

4. It is not hard to understand why the employer-assignee may show a lack of enthusiasm in pursuing the claim against

the third party in view of the holding in Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. See the discussion of Chief Judge Biggs in Johnson v. Sword Line, Inc., 3 Cir., 257 F.2d 541, at pages 545-546.

that which an order by a deputy commissioner would give him. Such an order he can have upon request. This is the remedy which the Congress has provided for an injured longshoreman. It is subject to review by a court. It provides a prompt and peremptory way of getting compensation. If the injured man accepts an award he has not let go of all his rights, for, as shown above, the assignment to the employer is not an absolute one.

▇ The learned district judge thought that the controversion notice by the carrier was too late, since it was not filed within fourteen days. See Section 914(d). This is incorrect for two reasons. First, this is a question for the deputy commissioner to pass on in the first instance. Second, there is a direct authority against the position, rendered in a review of a deputy commissioner's determination in Simmons v. Marshall, 9 Cir., 1938, 94 F.2d 850.

The judgment of the district court will be reversed with directions to dismiss the complaint.

BIGGS, Chief Judge (concurring in part and dissenting in part).

The ground given as the basis for the controversion notice is insufficient for Section 33(a) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 933 (a), does not require the longshoreman to make an election. The statute states merely that the longshoreman "may elect" to accept compensation or to recover damages from a third person. But it does not follow, as plaintiff-appellee asserts, that the Act gives him the remedy he seeks, viz., the collection of compensation without an award. However, the Act is remedial and must be construed liberally. Liberty is not relieved of its obligation to pay the compensation, and must do so upon election by Leonard to accept an award; even though he does so elect, Leonard still possesses the right to retain counsel and to bring an action against a third person if he desires. The assignment clause of the Act, 33 U.S.

C.A. § 933(b), is to guarantee recoupment by the employer of so much as he has lost through payment of compensation. In all other respects I concur in the views expressed.