**Heard W. PASCHAL, Plaintiff,**

**v.**

**LYKES BROS. STEAMSHIP CO., Inc., Defendant,**

**and**

**Hartford Accident & Indemnity Co., Intervenor.**

**LYKES BROS. STEAMSHIP CO., Inc. and Hartford Accident & Indemnity Co., Cross-Plaintiffs,**

**v.**

**Heard W. PASCHAL and Deputy Commissioner R. J. Shea, Cross-Defendants.**

**Civ. A. No. 64–H–312.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 22, 1966.

Rehearing Denied Feb. 28, 1967.

Carl O. Bue, Jr., and John Teed, of Royston, Rayzor & Cook, Houston, Tex., for Lykes Bros. S. S. Co. and Hartford Accident & Indemnity Co.

W. Jiles Roberts, Houston, Tex., for plaintiff Paschal.

Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for Deputy Commissioner Shea.

*Memorandum and order*

SINGLETON, District Judge.

The present controversy grows out of a third party suit by Heard W. Paschal, a longshoreman, against Lykes Bros. Steamship Co., Inc., owner of the SS CHARLES LYKES. Lykes, joined by Hartford Accident and Indemnity Company, has filed a petition for declaratory judgment requesting a construction of Section 33 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933. Now before the Court is the motion of cross-defendant Paschal to strike or sever the petition for declaratory judgment.

Cross-plaintiffs' allegations of fact may be summarized as follows: On July 7, 1961, Paschal sustained a back injury on the SS CHARLES LYKES while employed by Lykes as a longshoreman. Thus, at the time in question, Lykes was both the employer of Paschal and the owner of the ship on which he was injured. The injury in question resulted in a compensation award dated July 13, 1964, which provided, in part, for continuing payments of $15.00 per month as a joint liability of Lykes, as employer, and Hartford, as insurance carrier. The award is still in effect.

Subsequently, Paschal brought the main, third-party action against Lykes as owner of the ship, alleging negligence and/or unseaworthiness. Hartford intervened for indemnity. The case was set for trial on February 28, 1966, but continued on motion of the defendants.

After careful consideration of the arguments, both in the briefs and at the informal hearing of November 3, 1966, the Court is of the opinion that cross-plaintiffs have failed to show that there exists a controversy which is "actual and justiciable, as distinguished from hypothetical, abstract or moot." 3 Barron and Holtzoff, Federal Practice and Procedure, Sec. 1262 (Wright Ed. 1961). Accordingly, cross-defendant's motion to strike will be granted. This decision will render moot the following matters now pending before this Court: (a) Cross-defendant's demand for trial by jury; (b) motion to dismiss Deputy Commissioner Shea; and (c) motion for advancement of the petition for declaratory judgment on the Court's calendar.

Lykes' difficulties stem from its dual capacity as owner of the ship and employer of Paschal. The essence of their position is that they are unable to settle the third party action out of court because Deputy Commissioner Shea has informally indicated that, under Section 33 of the Longshoremen's and Harbor Workers' Compensation Act, compromise of the third party claim may not terminate cross-plaintiffs' continuing liability under the compensation award of July 13, 1964. Section 33(g) provides:

"If compromise with such third person is made * * * of an amount less than the compensation to which such person * * * would be entitled to under this chapter, the employer shall be liable for compensation as determined in subchapter (f) of this section *only if such compromise is made with his written approval.*" (Emphasis supplied)

According to cross-plaintiffs, Deputy Commissioner Shea has informally indicated that a settlement agreement executed by Lykes as ship owner might amount to "written approval" by Lykes as employer, thus continuing the liability under the prior compensation award. Such a result, cross-plaintiffs contend, would be violative of the Reed v. SS. Yakka, 373 U.S. 410, 83 S.Ct. 1349 (1963) doctrine of "economic equality," in that ship owners who employ their own longshoremen would be placed in an economically inferior position to ship owners who did not employ their own longshoremen. Cross-plaintiffs therefore request this Court to construe Section 33 of the Act in such a way that settlement of the third party claim would also operate to cut off future payments under the compensation award.

Cross-plaintiffs have presented the Court with an interesting hypothetical problem but have failed to show how its

solution relates to any real situation. As to the negotiations with Paschal, cross-plaintiffs have failed to show that their desire to settle out of court has progressed beyond the stage of mere wishful thinking. In his answer to the petition and at the pre-trial hearing, Paschal's attorney has steadfastly denied any agreement to settle this case. This, then, is not a case where the parties, having reached a compromise agreement, seek the Court's aid in effectuating their mutual desires.

■ Moreover, cross-plaintiffs have failed to show that there exists an actual controversy between themselves and Deputy Commissioner Shea. Even if it were true, as claimed by cross-plaintiffs, that Deputy Commissioner Shea plans to take the position that settlement of the third party claim will not cut off the prior compensation award, the facts nevertheless remain: (a) That no settlement agreement has been reached, and (b) that Deputy Commissioner Shea has not yet officially taken this position. The Court will not engage in cross-plaintiffs' speculation as to what the Deputy Commissioner might do when, and if, he is presented with a settlement agreement.

■■ An additional reason for striking the petition for declaratory judgment is found in the statutory scheme of the Longshoremen's and Harbor Workers' Compensation Act itself. The manifest intent of the Act, as evidenced by Section 21, is to permit administrative review by the Deputy Commissioner of any disputes arising within the scope of the Act. The declaratory judgment procedure should not be permitted to thwart this purpose. As Judge Goodrich, in Leonard v. Liberty Mutual Insurance Company, 267 F.2d 421 (3rd Cir. 1959), has so clearly stated:

> "But the plan of this statute [Longshoremen's and Harbor Workers' Act] here is to create an administrative procedure for prompt action and have it subject to court review as provided in Section 921. 33 U.S.C.A. § 921 (1957). We do not think the general provisions of the Declaratory Judg-

ment Act can be interpreted to circumvent this procedure." (At page 424)

In accordance with what has been said above, cross-defendant's motion to strike the petition for declaratory judgment is hereby granted.

The Clerk will file this Memorandum and Order and will furnish copies hereof to the attorneys for the parties.

## ON MOTION FOR RECONSIDERATION

*Memorandum and opinion*

Lykes Bros. and Hartford Accident & Indemnity have filed a motion for reconsideration of this Court's Memorandum and Order dated November 22, 1966, dismissing Lykes and Hartford's petition for declaratory judgment.

Attached to the motion for rehearing are 45 pages of legal memoranda, copies of correspondence with Deputy Commissioner Shea, copies of textual material, and miscellaneous papers, which apparently form the basis of the present motion. Thorough review of these papers fails to reveal any material change in the facts since the hearing of November 3, 1966. No offer of settlement has ever been presented to Deputy Commissioner Shea or to this Court. Since neither the facts nor the law has changed during the past three months, no purpose would be served by a rehearing.

■ In the enthusiasm of its advocacy, petitioners fail to take the proper account of the most basic principle of the Declaratory Judgment Act, 28 U.S.C.A. § 2201. This Act vests in the petitioners no absolute rights. Rather, it vests in the Court the authority to exercise a discretionary power, irrespective of any jurisdictional considerations. As the Supreme Court has repeatedly stated, most recently in Public Affairs Associates v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962):

> "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. Brill-

hart v. Excess Ins. Co., 316 U.S. 491 [494, 499, 62 S.Ct. 1173, 86 L.Ed. 1620]; Great Lakes Dredge and Dock Co. v. Huffman, 319 U.S. 293 [299–300, 63 S.Ct. 1070, 87 L.Ed. 1407]; Alabama State Federation of Labor, etc. v. McAdory, 325 U.S. 450 [462, 65 S.Ct. 1384, 89 L.Ed. 1725]; A. L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324 [331, 82 S.Ct. 337, 7 L.Ed.2d 317]."

Also see Borchard on Declaratory Judgments, Chapter 5, "Discretion"; 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1265, "Discretion of the Court"; 26 C.J.S. Declaratory Judgments § 11.

 The exercise of this authority is measured by general principles of equity. Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784, and citations above. The facts now before the Court clearly do not warrant the exercise of this discretion. Reed v. SS Yaka, supra, the case which gave rise to petitioners' present difficulties, was decided on May 27, 1963; this lawsuit was filed July 6, 1964; set for trial February 28, 1966; continued on motion of defendant (petitioner herein) on February 18, 1966; only on August, 1966, did petitioners come forward with the suit for declaratory judgment. The case was passed at the docket setting in September, 1966, in order that the Court might give full and fair consideration to the petition for declaratory judgment. Finally, after an additional seven months' delay, the case has been reset for trial on March 27, 1967. At this late hour plaintiff's right to have this trial will not be further delayed.

This is not intended to foreclose the possibility of filing a separate declaratory judgment suit, which would not interfere with the present suit, to secure judicial interpretation of the statute in question. However, this case is set for trial and will not be further delayed by declaratory judgment proceedings. The motion for rehearing is denied. Counsel will submit an appropriate order.