UNIVERSAL TERMINAL & STEVE-DORING CORP. and Midland Insurance Company, Petitioners,

v.

Wardell PARKER and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 78–1417.

United States Court of Appeals, Third Circuit.

Argued Sept. 29, 1978.

Decided Nov. 17, 1978.

Leonard J. Linden, Linden & Gallagher, New York City, for petitioners.

Mary A. Sheehan, U. S. Dept. of Labor, Office of the Sol., Washington, D. C., for respondents.

Before ROSENN and WEIS, Circuit Judges and FISHER, District Judge.*

OPINION OF THE COURT

WEIS, Circuit Judge.

The Longshoremen's and Harbor Workers' Compensation Act encourages employers to pay injured employees voluntarily and promptly. If the employer contests the obligation to pay compensation, the statute requires that a notice of controversion be filed within 14 days after notice of the injury. The Benefits Review Board has

* Honorable Clarkson S. Fisher, United States District Court for the District of New Jersey, sitting by designation.

construed that provision to require that a notice of controversion be filed in situations where the employee has returned to work, voluntary payments have ceased, and all that remains is the possibility of a later claim for benefits. We conclude that in the instances where there is in fact no dispute between the parties, no notice of controversion need be filed.

Claimant injured his right hand during the course of employment on July 10, 1973. His employer voluntarily paid compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976), until August 10, 1973, when claimant returned to work. About eight months later, claimant's attorney submitted to a deputy commissioner of the Department of Labor a claim for permanent partial disability. After conflicting medical reports had been obtained by claimant and his employer, a claims examiner for the Department of Labor, pursuant to § 14(h) of the Act, 33 U.S.C. § 914(h), arranged for an examination by an impartial physician who concluded that claimant had no permanent impairment. The claims examiner thereupon recommended that the claim for permanent partial disability be denied.

Claimant filed exceptions, and a hearing was held before an administrative law judge (ALJ) pursuant to § 19 of the Act, 33 U.S.C. § 919. The ALJ found that a permanent disability did exist. In addition to the compensation award, the ALJ concluded claimant was entitled to an additional 10% because the employer had not filed a notice of controversion "within fourteen days after notice of the injury." The ALJ also awarded an attorney's fee pursuant to § 28(b) of the Act, 33 U.S.C. § 928(b), and 20 C.F.R. § 702.132.

The Benefits Review Board affirmed the decision of the ALJ, although it differed with his reason for assessing the 10% penalty. In the Board's view, the employer was required to file the notice of controversion, but the 14-day period did not begin to run until voluntary payments ceased and claimant returned to work.

On appeal to this court, the employer argues that the Board erred in allowing the 10% additional compensation and the attorney's fee; the award of permanent partial disability is not challenged.

Section 14(a), 33 U.S.C. § 914(a), requires that compensation be paid promptly and directly to the person entitled unless liability is controverted by the employer. Subsection (d), *id.* § 914(d), reads:

"If the employer controverts the right to compensation he shall file with the deputy commissioner on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the Secretary, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted."

The subsection following provides that if any installment of compensation is not paid within 14 days "after it becomes due," a 10% addition to the unpaid installment shall be made in the absence of excuse by the deputy commissioner. 33 U.S.C. § 914(e).

■ Clearly, under the language of the statute, the ALJ's reasoning in assessing a 10% addition was faulty since the employer had no grounds for controverting the eligibility for benefits during the first 14 days after the accident occurred. The employer, in fact, conceded the right to compensation, paying voluntarily. At that time there was no dispute that the claimant was entitled to payments, and hence there was nothing to controvert. In compliance with § 14(g) of the Act, *id.* § 914(g), the employer subsequently filed a notice of termination of payments with the deputy commissioner, who sent a copy to the claimant.

The Board concluded that the only way the employer could have avoided payment of the 10% additional assessment would have been to file a notice of controversion within 14 days of the last voluntary payment. As the Director conceded in his brief, "[i]t plainly would make no sense to require—and indeed the Act's policy of

prompt payment of compensation without resort to litigation militates against requiring—that a controversion notice be filed while the employer is paying full and proper compensation in accordance with the Act." In our view, the Benefits Review Board's decision requiring that a notice of controversion be filed within 14 days after the employee returns to work, without regard to whether a dispute exists, similarly runs afoul of the Act's policy and is not required by its terms.

■ The Act is designed to encourage payment of compensation by employers voluntarily and without resorting to formal adversary proceedings. *See Strachan Shipping Co. v. Hollis*, 460 F.2d 1108 (5th Cir.), *cert. denied*, 409 U.S. 887, 93 S.Ct. 114, 34 L.Ed.2d 144 (1972).[1] The employer bears the burden of bringing any dispute to the attention of the agency through the notice of controversion. That notice brings the administrative process into play, setting into motion the deputy commissioner's formal claim resolution procedures. *See* 20 C.F.R. § 702.252. An employee is given a similar right to contest by notifying the commissioner of a dispute. 20 C.F.R. § 702.261.

■ The practical effect of the Benefits Review Board's ruling is that to avoid the 10% surcharge any employer who voluntarily pays compensation for longer than 14 days and then terminates the payments upon the employee's return to work must file a notice of controversion in every case. Yet, apparently, it has been the practice where permanent impairment may be involved for the parties concerned to wait a reasonable time after the employee has returned to work before determining the extent of the continuing disability. Awards for permanent partial disability may then be made on a schedule basis as provided by 33 U.S.C. § 908(c). In most cases the employee and employer may be expected to reach agreement, obviating the need for formal adjudication.

Under the Board's ruling, an employer who relies upon a future amicable adjustment without filing a controversion notice does so at his peril. If the parties do not reach an agreement, any award by the Board will be automatically increased by 10%. Thus, the obvious protective device for an employer is to file a notice even though there is in fact no dispute and, indeed, even if the parties fully intend to resolve the matter to their mutual satisfaction. The notice itself, moreover, may generate disagreement and rancor that otherwise would not have existed. It therefore is difficult to see that the policy of the Act is served by the Board's ruling. Certainly it neither encourages amicable settlements nor minimizes administrative activity.

The Benefits Review Board relies on its earlier decision in *Berger v. Cork 'N' Bottle*, 4 BRBS 339 (1976). *See also Laber v. Sun Shipbuilding & Dry Dock Co.*, 7 BRBS 956 (1978); *Alston v. United Brands Co.*, 5 BRBS 600 (1977); and *Ryan v. McKie Co.*, 1 BRBS 221 (1974). We find those decisions unpersuasive, and note particularly the lack of judicial authority for the Board's construction, although the precise language concerned has been part of the Act since 1927. None of the decisions commented upon *Simmons v. Marshall*, 94 F.2d 850 (9th Cir. 1938). There, an employer voluntarily paid compensation to an injured employee for ten months and then terminated payments on the assertion that the disability caused by the accident had ceased. No notice of controversion had been filed within the two weeks after the accident but that fact was held not to bar the employer from later disputing the claim. As the court observed, a contrary decision would have forced employers and employees to contest cases that would otherwise have been adjusted by amicable agreement. The *Simmons* case was cited with approval by us in *Leonard v. Liberty Mutual Insurance Co.*, 267 F.2d 421 (3d Cir. 1959). *See also Atlantic & Gulf Stevedores, Inc. v. Donovan*, 274 F.2d 794 (5th Cir. 1960).

1. For a review of the procedural aspects of the Act, *see Presley v. Tinsley Maintenance Serv.*, 529 F.2d 433 (5th Cir. 1976).

**612**

Moreover, we do not read the regulations promulgated by the Secretary as supporting the Benefits Review Board position. 20 C.F.R. § 702.251 reads:

"Where the employer controverts the right to compensation after notice or knowledge of the injury or death, or after receipt of a written claim, he shall give notice thereof, stating the reasons for controverting the right to compensation, using the form prescribed by the Director. Such notice, or answer to the claim, shall be filed with the deputy commissioner within 14 days from the date the employer receives notice or has knowledge of the injury or death. . . ."

The regulation clearly sets forth three alternative prerequisites—notice, knowledge of injury, or receipt of a written claim.

The provision requiring controversion on receipt of a written claim contemplates the situation where the employer first learns from that source that compensation is asserted to be due. The regulation's approach that filing a claim triggers the employer's obligation to serve a notice of controversion is inconsistent with the Board's position requiring a notice even though the employer may not be aware that a claim is contemplated, or *a fortiori*, in a situation where there is no disagreement between the parties. When the parties in good faith decide to wait in order to determine the permanency or extent of partial disability, it is unnecessary for the employer to file a notice of controversion when there is no controversy.

We conclude that the Benefits Review Board incorrectly interpreted the Longshoremen's Act and the regulations with respect to filing of a notice of controversion. Accordingly, its decision awarding 10% additional compensation will be reversed.

We find no error in the Board's award of an attorney's fee. Section 28(b), 33 U.S.C. § 928(b), offers an employer the opportunity to escape assessment of claimant's counsel fee by agreeing in advance to accept the findings of an impartial medical examiner. The claims examiner in this case did arrange for an impartial examination which found no disability, in accord with the employer's contention. The employer maintains that since the examiner agreed with its position, no counsel fee should be awarded. But we accept the Board's observation that the claims examiner acted pursuant to § 14(h), *id.* § 914(h), which authorizes him to order such examinations as necessary without concurrence by the parties. Under that provision, an employer is not required to make an advance commitment to accept the findings, nor did it do so here. Therefore, the Board did not err in allowing counsel fees.

The order of the Board insofar as it directs the payment of 10% additional compensation will be set aside. In all other aspects, the order will be affirmed.