959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace McFARLAND, Petitioner,
v.
BETHLEHEM STEEL CORPORATION; Director, Office of Workers
Compensation Programs, Respondents.
 No. 91-70345.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace McFarland appeals pro se the order of the Benefits Review Board ("the Board") denying his motion for reconsideration. In his motion for reconsideration McFarland challenged the Board's denial of his request to reopen his claim for benefits under the Longshoreman's and Harbor Workmen's Compensation Act ("the Act"). We dismiss this appeal for lack of subject matter jurisdiction because the order appealed from is non-reviewable under 5 U.S.C. § 701(a)(2).
 
 
 3
 McFarland was employed by Bethlehem Steel Corporation in March of 1970. He alleges that he was injured during the course of his employment and that he is therefore entitled to benefits under the Act. Bethlehem Steel denied that the injury occurred, and asserted alternatively that if the injury occurred it was not as a result of his employment, and refused benefits. On May 18, 1977, McFarland's claim was denied by an Administrative Law Judge ("ALJ"). McFarland appealed the ALJ's denial of his claim to the Board under 33 U.S.C. 921(b)(3), and then appealed the Board's decision to this court under 33 U.S.C. 921(c). At each level of review his claim was denied. In January 1980, he petitioned to reopen his claim due to a "mistake in determination of fact." After an ALJ denied his petition, he appealed to the Board, which denied his petition for rehearing. McFarland then appealed to this court. On August 1, 1988, this court issued a decision dismissing the appeal for lack of subject matter jurisdiction, holding that the order appealed from was non-reviewable under 5 U.S.C. § 701(a)(2). See McFarland v. Director, Office of Workers Compensation Program, No. 87-7172, unpublished memorandum decision (9th Cir. Aug. 1, 1988).
 
 
 4
 After this court dismissed McFarland's appeal for lack of jurisdiction, McFarland again petitioned the Board to reopen his claim. The Board once again denied the petition and McFarland's subsequent motion for reconsideration. McFarland again appealed to the Board from the denial of his motion for reconsideration, and the Board affirmed the ALJ's original order. McFarland filed a second motion for reconsideration which the Board denied. McFarland now appeals to this court from the Board's denial of his second motion for reconsideration.
 
 
 5
 "[W]here a party petitions an agency for reconsideration on the ground of material error, i.e., on the same record that was before the agency when it rendered its original decision, 'an order which merely denies rehearing of [the prior] order is not itself reviewable.' " I.C.C. v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 280 (1987) (citations omitted). Where new evidence or changed circumstances are the basis of the petition for rehearing, the agency decision may then be reviewable. See id.
 
 
 6
 In the prior appeal, this court concluded that McFarland's petition to reopen was premised exclusively on alleged mistakes made by the ALJ in the original proceeding. See McFarland, No. 87-7172, unpublished memorandum decision at 4 (9th Cir. Aug. 1, 1988). Because the petition was based on the same record that was before the agency when it rendered its original decision, the order denying the petition for rehearing was non-reviewable. See Locomotive Engineers, 482 U.S. at 280.
 
 
 7
 Further, this court noted in the prior appeal that while one of the grounds asserted by McFarland in his petition was labeled as "newly discovered evidence," it, in fact, only amounted to a dispute with the ALJ's factual findings. Consequently, this court held that the order of the Board denying the petition was non-reviewable because such a decision is committed to agency discretion by law. See 5 U.S.C. § 701(a)(2); Locomotive Engineers, 482 U.S. at 280; cf. Simmons v. Marshall, 94 F.2d 850, 852 (9th Cir.1938) (finding jurisdiction where evidence not introduced at original hearing).
 
 
 8
 We dismiss McFarland's present appeal from the Board's order denying his motion for reconsideration on the same grounds. See Locomotive Engineers, 482 U.S. at 280. Although McFarland asserts that newly discovered evidence warrants reconsideration, his motion is based only on a dispute with the ALJ's findings of facts. Because McFarland petitioned the Board for reconsideration on the same record that was before the agency when it rendered its original decision, the Board's order denying rehearing of the prior order is not itself reviewable. See I.C.C. v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 280 (1987) (citations omitted). Accordingly, we dismiss this appeal for lack of jurisdiction. See id.
 
 
 9
 Although we decline to exercise our discretion to award sanctions for filing a frivolous appeal at this time, we caution McFarland that this court will impose sanctions if he brings another meritless appeal. See Trohimovich v. Commissioner, 776 F.2d 873, 875 (9th Cir.1985) (court has the inherent power to condemn and punish the abusive conduct of litigants); Fed.R.App.P. 38; 28 U.S.C. § 1912.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3